**ORIGINAL**

FILED
DISTRICT OF WYOMING
CHEYENNE

'03 NOV 25  PM 2 41

CLERK
U.S. DISTRICT COURT

KAREN BUDD-FALEN
Budd-Falen Law Offices, L.L.C.
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003
(307)632-5105

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HARVEY FRANK ROBBINS, and the HIGH ISLAND RANCH and CATTLE COMPANY )<br><br>Plaintiff, )<br><br>vs. )<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT, an Agency of the United States Department of the Interior; GALE NORTON, in her official capacity as Secretary of the United States Department of the Interior; KATHLEEN CLARKE, in her official capacity as Director of Bureau of Land Management; BOB BENNETT, in his official capacity as Director of Wyoming State Bureau of Land Management; DARRELL BARNES, in his official capacity as Field Manager of the Worland Field Office for the Bureau of Land Management )<br><br>Defendants. ) | Case No.03 CV 230 D<br><br>**MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ENJOIN DEFENDANTS FROM WITHHOLDING DOCUMENTS** |

* * * * * *

COMES NOW the Plaintiff, and hereby requests this Court compel the Defendants to produce documents in compliance with the Plaintiff's multiple Freedom of Information Act ("FOIA") requests or, in the alternate, to expedite review of this case. In support of the motion, the Plaintiff states as follows:

## I.    FACTS

The Plaintiff, Harvey Frank Robbins, has been involved in litigation with employees of the Worland, Wyoming Office of the Bureau of Land Management ("BLM") since 1998. In this current lawsuit captioned above, Mr. Robbins seeks to compel the production of documents that the BLM has withheld in violation of the FOIA. From February 17, 2003 to October 3, 2003, Mr. Robbins has made a total of ten FOIA requests to the BLM; nine of these requests were made to the BLM Worland Field Office and one request was made to the Wyoming State BLM Office. See FOIA requests, attached as Exhibits 1 though 10 hereto. As stated in the Plaintiff's Complaint, the Worland BLM has not responded to seven of these ten requests. See Declaration of Kuhl, attached as Exhibit 11 hereto.

Although the BLM has responded to the remaining three requests, those responses were far from accurate. Regarding the February 17, 2003 request, the Worland BLM initially responded on April 3, 2003, stating that it would not respond unless Mr. Robbins remitted a check for $16,624.20. See BLM response, attached as Exhibit 12 hereto. Only after counsel for the Plaintiff requested documentation to support the BLM's claim of search time did the BLM

1

substantively respond to the FOIA request.  That response was dated June 22, 2003, more than four months after the initial request and the documents were provided <u>free of charge</u>.  <u>See</u> BLM response, attached as Exhibit 13 hereto.  In that response, while the Worland BLM provided some documents, others were withheld as being exempt under exemption 5 of the FOIA.  <u>Id.</u>

The BLM responded on August 22, 2003 to Mr. Robbins' July 1, 2003 FOIA request.  <u>See</u> letter with attachments, attached as Exhibit 14 hereto.  Again, the Worland BLM cited to exemption 5 of the FOIA as justification for denying or redacting most of the information requested by Mr. Robbins.  <u>Id.</u>  Curiously, six days later (August 28, 2003), a portion of the information denied to Mr. Robbins was attached to a letter sent by the advocacy group Public Employees for Environmental Responsibility ("PEER") to the Inspector General complaining about Mr. Robbins.  <u>Id.</u>  Defendant Darrell Barnes, who is in charge of all operations and management of the Worland BLM, claims that he does not know how these redacted documents were obtained by PEER to be used against Mr. Robbins.  <u>See</u> Deposition Excerpt attached as Exhibit 15 hereto.  While characterizing the PEER documents as "improper . . . leaks," Defendant Barnes refused to investigate the source of the leaks, characterizing any such investigation as a "witch-hunt."  <u>Id.</u>

On November 18, 2003, after this Complaint was filed, the Wyoming State BLM Office partially responded to Mr. Robbins' FOIA request dated September 19, 2003.  <u>See</u> BLM Response attached as Exhibit 16 hereto.  Although this response admittedly contains some

2

responsive materials, the response fails to provide any timeframe for supplying the documents responsive to the remainder of the FOIA request. Id.

Mr. Robbins has also attempted to obtain many of these documents through routine discovery in a separate federal court action. See Individual Defendants Response to Plaintiff's Motion to Compel Production of (Agency) Documents, attached as Exhibit 17 hereto. In that separate action, the Defendant Worland BLM employees argue that they do not have to produce these documents through discovery, because the proper way to get BLM documents is through the FOIA. Id. at 2, 7-8.

This is not the first time the Plaintiff has had to force the Worland BLM to comply with FOIA. Previously, Mr. Robbins had exercised his right to appeal, through the BLM's administrative appeals process over 30 adverse decisions issued by the Worland BLM against him. See Administrative Hearing Transcript Cover Pages, attached as Exhibit 18 hereto; Order On Application for an Award of Attorneys Fees and Costs, attached as Exhibit 19 hereto. As part of that process, a number of those administrative appeals were consolidated and set for hearing from May 15 through May 18, 2001. Id. At the end of the day on May 18, 2001, this administrative hearing was continued until September 25, 2001.

After Part I (i.e. May 15-18, 2001) of Mr. Robbins' consolidated administrative hearing, Mr. Robbins began preparations for Part II set to begin in September, 2001. His preparations included making several FOIA requests to the Worland BLM, requesting documents related to

3

issues raised by the BLM for the first time in Part I of the administrative hearing. By law and as in this case, the BLM had to respond to those FOIA requests within 20 days. 5 U.S.C. § 552(a). The Worland BLM completely failed to respond to six of these requests. Id. Based on this failure, on September 5, 2001, Mr. Robbins was forced to file a complaint with this Court seeking to force the Worland BLM to comply with its statutory obligations. Id. Mr. Robbins' complaint forced the Worland BLM to comply, but not in time for Mr. Robbins to complete preparations for Part II of his administrative hearing. As explained by this Court:

> On September 5, 2001, after the BLM failed to respond to any of the six FOIA requests, the Plaintiff filed a complaint, pursuant to 5 U.S.C. § 552(a)(4)(B), to compel the BLM to comply with the requests. After this litigation was filed, the BLM finally decided to respond to the Plaintiff's requests. Curiously, the Plaintiff's attorneys received the BLM's FOIA responses on the very day that the trial for which some of the information was being sought began.

See Harvey Frank Robbins v. Bureau of Land Management, Civ. No. 01-CV-158D, attached as Exhibit 19 at 2. Thus, the Worland BLM's gross failure to comply with the mandatory requirements of the FOIA harmed Mr. Robbins' ability to defend himself against adverse decisions issued by the Worland BLM against Mr. Robbins.

Mr. Robbins subsequently filed for an award of attorneys fees. Exhibit 19. This Court held that, because the BLM ultimately complied with Mr. Robbins' FOIA requests, and pursuant to the newly decided Supreme Court decision in Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598 (2001), Mr. Robbins was not

4

entitled to attorneys fees. Nevertheless, this Court had strong words for the Worland BLM's

apparent bad faith:

> This result should not be interpreted as a condoning of the BLM's conduct in this
> matter. Arrogance of authority, and indifference to citizens' legitimate interests,
> even the appearance of such vices, should be avoided by public servants. The
> BLM's conduct in this matter is troubling to this Court and it will not soon be
> forgotten. A matter of this nature involving this agency should not appear on my
> desk again.

Exhibit 19 at 5. Unfortunately, the Worland BLM has now disregarded this Court's order by

doing the *exact same thing*.

## II.    ARGUMENT

The FOIA is a disclosure statute. "[FOIA] reflect[s] a general philosophy of full agency

disclosure unless information is exempted under clearly delineated statutory language." John

Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989). "The basic purpose of FOIA is to

ensure an informed citizenry, vital to the functioning of a democratic society, needed to check

against the corruption and to hold the governors accountable to the governed." NLRB v.

Robbins Tire & Rubber Co., 437 U.S. 214 (1978).

Under the FOIA, "each agency, upon any request for records which (A) reasonably

describes such records and (B) is made in accordance with published rules stating the time, place,

fees (if any), and procedures to be followed, shall make the records promptly available to any

person." 4 U.S.C. ¶ 552(a)(3). The FOIA provides that "[e]ach agency, upon request for records

made . . . shall . . . determine within 20 days (excepting Saturdays, Sundays, and legal public

holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore . . . ." 5 U.S.C. § 552(a)(6)(A)(i). The BLM regulation shortens the applicable time frame, requiring the BLM to respond within ten days. 43 C.F.R. § 2.17.

All ten of the FOIA records requested between February 17, 2003 and October 3, 2003 included in the complaint were reasonably identified and made in accordance with the applicable FOIA procedures. Exhibits 1-10. All ten requests were sent via certified mail to either the Worland Field Office or to the Wyoming State Office of the BLM. Id. The BLM has not responded to seven of the ten requests. Exhibit 11. The BLM only partially responded to three of the requests, claiming the records were exempt yet providing no underlying rationale for the exemption beyond conclusory statements. Exhibits 13-14. In one instance, the BLM also stated the Office of the Regional Solicitor must review the request, yet establishes no timeframe within which the records will be released. Exhibit 16. As in 2001, the BLM is clearly and unequivocally in direct violation of the FOIA. Most of Mr. Robbins' FOIA requests are many months overdue the statutory limit.

Moreover, the facts and circumstances clearly indicate that the Worland BLM is ignoring or abusing the FOIA process in an attempt to chill Mr. Robbins' lawful attempt to prepare for a trial against individual Worland BLM employees in his separate litigation (Robbins v. Wilkie et al., Civ. No. 98-CV-201B), just as they did in the administrative hearing process in 2001. These

Worland BLM employees argue that they do not have to give Mr. Robbins documents through discovery because he can and must get them through FOIA, yet the Worland BLM has consistently refused to provide the same documents through the FOIA, <u>see</u> Exhibit 17, and in most cases has refused to even answer Mr. Robbins' FOIA requests.

The Worland BLM has also denied Mr. Robbins documents under exemption 5 of the FOIA, while at the same time "leaking" the same documents to an advocacy group who is opposed to Mr. Robbins. Because the FOIA is a full disclosure statute, exemptions from compelled disclosure under the FOIA are to be narrowly construed. <u>Dept. of Air Force v. Rose</u>, 425 U.S. 352, 361 (1976); <u>Herrick v. Garvey</u>, 298 F.3d 1184, 1189 (10th Cir., 2002). The burden is on the agency to justify the exemption. <u>Herrick</u>, 298 F.3d at 1189. To satisfy its initial burden under the Act, the agency "must provide a detailed analysis of the requested documents and the reasons for invoking the particular exemption." <u>Johnson v. United States Dep't of Justice</u>, 739 F.2d 1514, 1516 (10th Cir. 1984) <u>overruled on other grounds</u> <u>Hale v. United States Dep't of Justice</u>, 2 F.3d 1055 (10th Cir. 1993).

Exemption 5 exempts from mandatory disclosure matters that are "inter-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). To qualify for this exemption, the document must meet two conditions: (1) its source must be a government agency; and (2) it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency. <u>Dept. Of Interior and Bureau of Indian Affairs v. Klamath Water Users</u>

7

Protective Ass'n, 532 U.S. 1, 2 (2001). When claiming "deliberative process" privilege, the Court will look at two factors to determine whether the privilege applies. The court looks at "the nature of the decision making authority vested in the officer or person issuing the disputed document" and "the relative positions in the agency's 'chain of command' occupied by the documents' author and recipient." Casad v. United States Dep't of Health & Human Svcs, 301 F.3d 1247, 1252 (10th Cir. 2002). The Attorney Client Privilege is a civil discovery privilege that has been incorporated into exemption 5. NRLB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975). Therefore, only those documents that would normally be privileged in the civil discovery context are exempt. Where the documents would be "routinely or normally disclosed upon a showing of relevance," the exemption does not apply. Federal Trade Comm'n v. Grolier, 462 U.S. 19, 26 (1983).

Providing a list of documents withheld and a citation to a claimed exemption, without more, is clearly insufficient to meet the BLM's burden of proof. In fact in many cases, the BLM did not even provide a list of documents that were withheld. See e.g. Exhibit 13. The BLM has failed to support is exemption 5 claim on any of the standards or rationales as described above, and therefore should be ordered to produce the requested documents or provide an adequate rationale for the denial.

## III.   CONCLUSION

The Worland BLM has clearly ignored this Court's stern warning that it should comply with the FOIA. See Exhibit 18, p. 5. The Defendants are abusing their positions of authority as

8

BLM employees to prevent Mr. Robbins from timely obtaining agency documents which bolster his lawsuit against these same employees, just as they did in 2001. The Defendants have, in seven instances, failed to respond to the Plaintiff's FOIA requests in any manner. In three instances, the Defendants have either arbitrarily denied agency records to the Plaintiff while providing substantially similar information to third parties or have denied agency records based on conclusory statements of exemption without providing any underlying rationale.

WHEREFORE, Mr. Robbins respectfully requests immediate relief in this matter. In the alternate, Mr. Robbins respectfully requests that this Court expedite review of this case.

RESPECTFULLY SUBMITTED this 25th day of November, 2003.

Karen Budd-Falen
BUDD-FALEN LAW OFFICES, L.L.C.
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346
(307) 632-5105  Telephone
(307) 637-3891  Telecopier

9

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I caused a true and correct copy of the foregoing to be deposited in the United States Mail this 25th day of November, 2003, to the following:

U.S. Attorney
2120 Capitol Avenue, Room 4002
Post Office Box 668
Cheyenne, WY 82003

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington D.C. 20530-0001

10

# *Budd-Falen Law Offices, P.C.*

Karen Budd-Falen[1]
Franklin J. Falen[1]
Marc R. Stimpert[1,2]
Richard W. Walden[1,2,4]
Brandon L. Jensen[1,3]
Richard M. AuBuchon[1]
Robert D. Singletary[1,2]
Lloyd D. Rickenbach[5]

300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346
Telephone 307/632-5105
Telefax 307/637-3891
E-Mail main@buddfalen.com
Website www.buddfalen.com

[1]admitted in Wyoming
[2]admitted in Oklahoma
[3]admitted in Colorado
[4]admitted in California
[5]admitted in Utah

February 17, 2003

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**7002 0860 0007 6295 4796**

FOIA Officer
Bureau of Land Management
Worland Field Office
101 South 23rd
PO Box 119
Worland, WY 82401-0119

Re:     Freedom of Information Act Request

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on behalf of Frank Robbins, I request the following information:

1.  All telephone records, telephone logs, conversation notes and emails from any telephone or computer used for office business for or from the following Bureau of Land Management ("BLM") employees from January 1, 2003 to the present:

| | |
|---|---|
| Roger Bankert | Tom Ball |
| Jim Roseberry | Destin Harrell |
| Chet Wheeless | Bryan McKenzie |
| Lin Cannella | Jim Wolf |
| Dallas Heller | Teryl Shryack |
| Greg Berry | Nancy Baker |
| Darrell Barnes | Bob Gate |
| Tim Stevens | |
| Roger Inman | |

1

**EXHIBIT**
tabbies
1

2. I request a copy of all FOIA requests sent to the Worland BLM Office from January 1, 2003 to the present.

3. I request a copy of all notes, meeting minutes, correspondence or any other documents including any agendas or briefing papers relating to or generated from the Interagency Coordination Group meeting held on January 31, 2003 from 9:00am to 3:30 p.m. at the Worland BLM Office.

This information should not be subject to the Freedom of Information Act exemptions and access to the requested documents should be granted within twenty (20) working days. If you determine that some of the information requested is exempt from FOIA, that this information be identified by document, along with the statutory basis for your claim and your reasons for not exercising your discretion to release this information. FOIA also provides that if only portions of the file are exempt from release, the remainder of the file must be released. Therefore, we request that we be provided with all non-exempt portions that can reasonably be segregated.

If there is any problem in providing this information, please let me know so that further arrangements can be made.

Thank you for your cooperation.

Sincerely,

Leann M. Kuhl
Paralegal
BUDD-FALEN LAW OFFICES, P.C.

KBF:lmk
xc:    Frank Robbins

2

# *Budd–Falen Law Offices, P. C.*

Karen Budd-Falen[1]
Franklin J. Falen[1]
Marc R. Stimpert[1, 2, 4]
Richard W. Walden[1, 2, 4]
Brandon L. Jensen[1, 3]
Richard M. AuBuchon[1]
Robert D. Singletary[1, 2]
Lloyd D. Rickenbach[1, 5]
Karen L. Spinola[1]

300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346
Telephone 307/632-5105
Telefax 307/637-3891
E-Mail main@buddfalen.com
Website www.buddfalen.com

[1]admitted in Wyoming
[2]admitted in Oklahoma
[3]admitted in Colorado
[4]admitted in California
[5]admitted in Utah

July 1, 2003

**VIA CERTIFIED MAIL/**
**RETURN RECEIPT**
7002 0860 0007 6297 7894

Margy Tidemann, FOIA Coordinator
Bureau of Land Management
Worland Field Office
P.O. Box 119
Worland, WY 82401-0119

Re:   Freedom of Information Act

Dear Ms. Tidemann,

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on behalf of Frank Robbins, I request the following information:

On Sunday, June 22, 2003, an article appeared on the front page of the Casper Star Tribune entitled, "Top Interior officials impose settlement." This article contains certain statements which are repeated below. It is the information upon which these statements were based or may have been based that is requested through this FOIA. The information requested through FOIA includes BOTH (1) any files, documents and other information given to the Casper Star Tribune or any employee of that newspaper, regarding Frank Robbins or any of his operations, at any time and (2) any files, documents and Information upon which any statements by any BLM employees appearing in the June 22, 2003 article were based. The statements in the Casper Star Tribune article are as follows:

1.   According to the continuation of the article on page A4, column 1, ¶ 4, "BLM files are filled with complaints about Robbins and his operations, including cattle trespassing on the private property of neighbors; trespassing on BLM grazing allotments that belonged to neighbors; trespassing



EXHIBIT
2

too soon, to late or too many cattle on BLM grazing allotments; trespassing on resting BLM grazing allotments; blocking a neighbor's use of a cattle drive trail with a locked gate; claiming cattle were on private pasture when they were on BLM pastures; and refusing to obtain required recreation permits for dude ranch trail drives over BLM lands."

2.      Page A4, column 1, ¶5 "In the midst of the deepening Wyoming drought, Worland officials asked ranchers to reduce herd size or change grazing patterns to reduce damage to the dry rangeland -- a request essentially ignored by Robbins."

3.      Page A4, column 2, ¶1, "BLM records show that because of continuing violations, Worland officials refused Robbins' request for a grazing permit on the newly purchased Owl Creek ranch and also canceled Robbins' grazing permits on his two other ranches (later stayed for judicial review) and were actively contemplating seizure of Robbins' livestock."

4.      Page A4, column 3, ¶1, "According to Dave Wallace, supervisory range conservationist, Worland has sent about a dozen issues to Cheyenne. Some issues have expired, others have been worked through, but still others are unresolved; Wallace said."

5.      Page 4A, column 4, ¶ 2, " Ruch said the BLM's own fact-finding team determined that Worland staff were behaving professionally and properly in their dealings with Robbins."

This information should not be subject to the Freedom of Information Act exemptions and access to the requested documents should be granted within twenty (20) working days. If you determine that some of the information requested is exempt from FOIA, that this information be identified by document, along with the statutory basis for your claim and your reasons for not exercising your discretion to release this information. FOIA also provides that if only portions of the file are exempt from release, the remainder of the file must be released. Therefore, we request that we be provided with all non-exempt portions that can reasonably be segregated.

If there is any problem in providing this information, please contact myself or Leann Kuhl with my office at the number above.

Thank you for your cooperation.

Sincerely,

/s/

Karen Budd-Falen
BUDD-FALEN LAW OFFICES, P.C.

Page 2 of 3



# *Budd-Falen Law*

Karen Budd-Falen[1]
Franklin J. Falen[1]
Marc R. Stimpert[1,2]
Richard W. Walden[1,2,4]
Brandon L. Jensen[1,3]
Richard M. AuBuchon[1]
Robert D. Singletary[1,2]
Lloyd D. Rickenbach[5]

300 East 18th St
Post Office Box
Cheyenne, Wyoming 8
Telephone 307/632
Telefax 307/637-
E-Mail main@buddfa
Website www.buddfa

June 13, 2003

**VIA TELEFAX**
**307/347-5228**
**CERTIFIED MAIL &**
**RETURN RECEIPT**
**7002 0860 0007 6297 8426**

FOIA Officer
Bureau of Land Management
Worland Field Office
P.O. Box 119
Worland, WY 82401-0119

    Re:   Freedom of Information Act Request

Dear Sir:

    Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on behalf of Frank Robbins and the High Island Ranch, this letter requests the following information:

1.    Any and all information, including but not limited to: all letters, documents, "internal memorandum" and all other documents provided to the Billings Gazette or the Casper Star Tribune regrading Frank Robbins, the High Island Ranch, the HD Ranch or the Owl Creek permit transfer or any settlement agreement involving any of these entities.

2.    All documents referenced in the Billings Gazette article dated June 13, 2003. This information includes, but it not limited to the (1) "internal memo to the BLM state director in March, 2002"; (2) "internal documents" that claim that the BLM "fielded calls from neighbors that Robbins was running his cows on certain land without authorization;" (3) "government documents" that state that BLM has issued 8 nonwilful trespass violations, four wilful trespass violations and 13 repeated wilful trespass violations involving about 151 animal unit months," (4) the "Barnes memo" regarding

1



**EXHIBIT**

**3**

June 13, 2003
Page 2

Robbins' alleged unsatisfactory performance record; (5) documents regarding alleged continued problems during the period the parties were negotiating the settlement; (6) the "internal memo" containing "eight pages documenting several points on which the [settlement] agreement seems to violate federal law, significantly altering the Taylor Grazing Act, the Federal Land Policy and Management Act, the Federal Committee Advisory Act and the Code of Federal Regulation;" and (7) "internal notes" regarding a meeting between Robbins and Alan Kesterkee. See attached Billings Gazette Article Dated June 13, 2003.

This is information should not be subject to the FOIA exemptions and access to the requested documents should be granted within twenty (20) working days.

If the BLM determines that some of the information requested is exempt from FOIA, that information should be identified by recording or document, along with the statutory basis for the exemption claim and the reasons for not exercising your discretion to release the information. FOIA also provides that if only portions of the requested information are exempt from release, the remainder must be released. Therefore, I request that I be provided with all nonexempt portions that can be segregated.

Sincerely,

Karen Budd-Falen
BUDD-FALEN LAW OFFICES, P.C.

KBF:ha

xc:   Frank Robbins - via fax (307) 867-5308
      Tom French - via fax (970) 482-3148
      Bob Bennett - via fax (307) 775-6256
      Alan Kesterkee - via fax (307) 775-6256
      Fran Cherry - via fax (202) 208-5242

2



# Budd-Falen Law O...

Karen Budd-Falen[1]
Franklin J. Falen[1]
Marc R. Stimpert[1,2]
Richard W. Walden[1,2,4]
Brandon L. Jensen[1,3]
Richard M. AuBuchon[1]
Robert D. Singletary[1,2]
Lloyd D. Rickenbach[5]

300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-03...
Telephone 307/632-5105
Telefax 307/637-3891
E-Mail main@buddfalen.com
Website www.buddfalen.com

July 16, 2003

**CERTIFIED MAIL/**
**RETURN RECEIPT REQUESTED**
7002 0860 0007 6297 7948

FOIA Officer
Bureau of Land Management
Worland Field Office
101 South 23rd
PO Box 119
Worland, WY 82401-0119

Re:   Freedom of Information Act Request

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on behalf of Frank Robbins, I request the you mail to my office all materials and documents supporting the following two quotes from the Western Livestock Journal, July 7, 2003:

1.   "Wallace said they were handed the Department of Interior settlement and issued a permit to graze one of the ranches on April 26, but the rancher admits he was out there grazing it a week prior. The BLM is also concerned they no longer have authority to do anything about grazing violations, because they have to go through the director's designee, according to the settlement. What they can do is give the Directors designee monitoring information".

2.   Quoting David Wallace, "This settlement deviates from that whole process because now we have to go through an extra step before we can go out and monitor public lands".

Page 1 of 2

EXHIBIT
4

This information should not be subject to the Freedom of Information Act exemptions and access to the requested documents should be granted within twenty (20) working days. If you determine that some of the information requested is exempt from FOIA, that this information be identified by document, along with the statutory basis for your claim and your reasons for not exercising your discretion to release this information. FOIA also provides that if only portions of the file are exempt from release, the remainder of the file must be released. Therefore, we request that we be provided with all non-exempt portions that can reasonably be segregated.

If there is any problem in providing this information, please let me know so that further arrangements can be made.


Thank you for your cooperation.

Sincerely,

Karen Budd-Falen
BUDD-FALEN LAW OFFICES, P.C.

KBF:lmk
xc:     Frank Robbins
        Tom French
        Cindy Wertz

Page 2 of 2

F:\USERS\Leann\ROBBINS\FOIA\worland 7-16-03 - 2wpd.wpd



*Budd-Falen Law Off*

Karen Budd-Falen[1]
Franklin J. Falen[1]
Marc R. Stimpert[1,2]
Richard W. Walden[1,2,4]
Brandon L. Jensen[1,3]
Richard M. AuBuchon[1]
Robert D. Singletary[1,2]
Lloyd D. Rickenbach[5]

300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346
Telephone 307/632-5105
Telefax 307/637-3891
E-Mail main@buddfalen.com
Website www.buddfalen.com

July 17, 2003

**CERTIFIED MAIL
/RETURN RECEIPT REQUESTED**
**7002 0860 0007 6297 7955**

FOIA Officer
Bureau of Land Management
Worland Field Office
101 South 23rd
PO Box 119
Worland, WY 82401-0119

Re:  Freedom of Information Act Request

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on behalf of Frank Robbins, I request the you mail to my office all BLM field notes, maps, technical reports, other written notes, photographs, and all other documentation relating to two April 2002 allotment evaluations for allotments authorized to Frank Robbins. I would also like a copy of the "Determination Report or Reports" written by the BLM based upon the April 2002 allotment evaluations.

This information should not be subject to the Freedom of Information Act exemptions and access to the requested documents should be granted within twenty (20) working days. If you determine that some of the information requested is exempt from FOIA, that this information be identified by document, along with the statutory basis for your claim and your reasons for not exercising your discretion to release this information. FOIA also provides that if only portions of the file are exempt from release, the remainder of the file must be released. Therefore, we request that we be provided with all non-exempt portions that can reasonably be segregated.



EXHIBIT
5

If there is any problem in providing this information, please contact Leann Kuhl with my office, so that further arrangements can be made.

Thank you for your cooperation.

Sincerely,

Karen Budd-Falen
BUDD-FALEN LAW OFFICES, P.C.

KBF:lmk
xc:   Frank Robbins



*Budd-Falen Law*

Karen Budd-Falen[1]
Franklin J. Falen[1]
Marc R. Stimpert[1,2]
Richard W. Walden[1,2,4]
Brandon L. Jensen[1,3]
Richard M. AuBuchon[1]
Robert D. Singletary[1,2]
Lloyd D. Rickenbach[5]

300 East 18th Street
Post Office Box 34
Cheyenne, Wyoming 820
Telephone 307/632-5
Telefax 307/637-38
E-Mail main@buddfale
Website www.buddfale

July 21, 2003

VIA U.S. MAIL
CERTIFIED/RETURN RECEIPT
7000 0860 0007 6297 8532

Bureau of Land Management
FOIA Officer
Worland District Office
P.O. Box 119
Worland, Wyoming 82410

Re:    Freedom of Information Act Request

Dear Sir:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, I request that I receive the following:

1.  All documentation, photographs, e-mail documents, telephone notes, letters or any other documentation issued to or received from the Humane Society regarding any allegation or investigation of animal cruelty by Frank Robbins

2.  All e-mail documents, on any computer from any BLM employee pertaining to Frank Robbins, the High Island or HD Ranches from May 22, 2001 to the present.

3.  All documentation, e-mail documents, telephone notes, letters or any other documentation sent from or received by any employee in the Worland Office to or from the following organizations:

    a.  Western Watersheds Project and/or John Marvel
    b.  PEER
    c.  Center for Biological Diversity
    d.  National Wildlife Federation
    e.  National Resources Defense Council and/or Johanna Wald



EXHIBIT

6

4.   All e-mail documents, telephone notes, letters or any other documentation sent from any employee in the BLM office regarding either (1) the settlement agreement itself with Frank Robbins or (2) any alleged violations of the settlement agreement by Frank Robbins.

5.   All e-mail documents, telephone notes, letters or any other documentation sent to the Interior Inspector General's Office and/or Jack Romer.

6.   All e-mail documents, telephone notes, letters or any other documentation written by or received by David Wallace regarding Frank Robbins and the High Island, HD or Owl Creek Ranches since Mr. Wallace took a position with the Worland BLM.

7.   All information in any form showing the "chain of command" or management heirarchy within the Worland BLM.

I also request that if you determine that some of the information requested is exempt from FOIA, that this information be identified by document, along with the statutory basis for your claim and your reasons for not exercising your discretion to release this information. FOIA also provides that if only portions of the file are exempt from release, the remainder of the file must be released. Therefore, I request that I be provided with all non-exempt portions that can reasonably be segregated.

If there is any problem in providing this information, please let me know so that further arrangements can be made.

Thank you for your cooperation.

Sincerely,

Karen Budd-Falen
BUDD-FALEN LAW OFFICES, P.C.

KBF:vld

xc:   Frank Robbins



*Budd-Falen Law Off*

Karen Budd-Falen[1]
Franklin J. Falen[1,2]
Marc R. Stimpert[1,2]
Richard W. Walden[1,2,4]
Brandon L. Jensen[1,3]
Richard M. AuBuchon[1]
Robert D. Singletary[1,2]
Lloyd D. Rickenbach[5]

300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-034[
Telephone 307/632-5105
Telefax 307/637-3891
E-Mail main@buddfalen.com
Website www.buddfalen.com

July 30, 2003

**CERTIFIED MAIL
/RETURN RECEIPT REQUESTED**
7002 0860 0007 6297 8075

FOIA Officer
Bureau of Land Management
Worland Field Office
101 South 23rd
PO Box 119
Worland, WY 82401-0119

        Re:     Freedom of Information Act Request

Dear FOIA Officer:

        Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on behalf of Frank
Robbins, I request the you mail to my copies of the following documents:

1.      Memorandum dated March 7, 2002
        Re:     Review Team; H. Frank Robbins Cases

2.      Fact Finding Review dated April 16, 2002

3.      Memorandum dated April 22, 2002 to Barnes from David L. Wallace
        Re:     Determination: East Cottonwood & West Cottonwood Allotments

        This information should not be subject to the Freedom of Information Act exemptions
and access to the requested documents should be granted within twenty (20) working days. If you
determine that some of the information requested is exempt from FOIA, that this information be

Page 1 of 2

EXHIBIT
7

identified by document, along with the statutory basis for your claim and your reasons for not exercising your discretion to release this information. FOIA also provides that if only portions of the file are exempt from release, the remainder of the file must be released. Therefore, we request that we be provided with all non-exempt portions that can reasonably be segregated.

If there is any problem in providing this information, please contact Leann Kuhl with my office, so that further arrangements can be made.

Thank you for your cooperation.

Sincerely,

Karen Budd-Falen
BUDD-FALEN LAW OFFICES, P.C.

KBF:lmk
xc:     Frank Robbins



*Budd-Falen Law*

Karen Budd-Falen[1]
Franklin J. Falen[1]
Marc R. Stimpert[1,2]
Richard W. Walden[1,2,4]
Brandon L. Jensen[1,3]
Richard M. AuBuchon[1]
Robert D. Singletary[1,2]
Lloyd D. Rickenbach[1,5]
Karen L. Spinola[1]

300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003
Telephone 307/632-510_
Telefax 307/637-3891
E-Mail main@buddfalen.c___
Website www.buddfalen.___

September 17, 2003

VIA U.S. MAIL
CERTIFIED/RETURN RECEIPT
7002 0860 0007 6297 8648

Bureau of Land Management
FOIA Officer
Worland District Office
P.O. Box 119
Worland, Wyoming 82410

  Re: Freedom of Information Act Request

Dear FOIA Officer:

  Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, I request that I receive the following:

  1. A copy of the memo from the Worland office to the BLM State Director in Wyoming dated March, 2002 in which the following quote appears:

  Mr. Robbins has shown a complete disregard for the terms and conditions of the permits and of the authority of the BLM to manage public lands. . . . The cumulative effects of unauthorized grazing is causing significant damage to public land resources on his permitted allotments."

  The quotation appeared in a Billings Gazette newspaper article dated September 9, 2003. A copy of the article is attached for your reference.

  2. A copy of all studies, data, field observations, field notes, conversation records, photographs and all other documents upon which the BLM reached the conclusion that Robbins livestock grazing is causing significant damage to his permitted allotments.

F:\USERS\VICKY\ROBBINS\LETTERS\FOIA\9.17.03.wpd

**EXHIBIT**

8

September 17, 2003
Page 2

     I also request that if you determine that some of the information requested is exempt from FOIA, that this information be identified by document, along with the statutory basis for your claim and your reasons for not exercising your discretion to release this information. FOIA also provides that if only portions of the file are exempt from release, the remainder of the file must be released. Therefore, I request that I be provided with all non-exempt portions that can reasonably be segregated.

     If there is any problem in providing this information, please let me know so that further arrangements can be made.

                        Sincerely,

                        Karen Budd-Falen
                        BUDD-FALEN LAW OFFICES, P.C.

KBF:vld

Enclosure

xc :    Tom French
       Frank Robbins

F:\USERS\VICKY\ROBBINS\LETTERS\FOIA\9.17.03.wpd



# Budd-Falen Law

Karen Budd-Falen[1]
Franklin J. Falen[1]
Marc R. Stimpert[1,2]
Richard W. Walden[1,2,4]
Brandon L. Jensen[1,3]
Richard M. AuBuchon[1]
Robert D. Singletary[1,2]
Lloyd D. Rickenbach[1,5]
Karen L. Spinola[1]

300 East 18th Stre_
Post Office Box 34_
Cheyenne, Wyoming 820_
Telephone 307/632-51_
Telefax 307/637-3891
E-Mail main@buddfalen._
Website www.buddfalen._

September 19, 2003

**VIA U.S. MAIL**
**CERTIFIED/RETURN RECEIPT**
**7002 0860 0007 6297 8655**

Wyoming State Bureau of Land Management
ATTN: ALAN KESTERKE
5353 Yellowstone
Post Office Box 1828
Cheyenne, WY 82003

      Re:    Freedom of Information Act Request

Dear Mr. Kesterke,

      Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, I request that I receive the following:

1.     All documents, correspondence, telephone conversation notes, e-mails, photographs, meeting minutes and any other document in your possession dealing with, pertaining to or mentioning Frank Robbins, the High Island Ranch, the HD Ranch and/or the Owl Creek permit transfer.

      I also request that if you determine that some of the information requested is exempt from FOIA, that this information be identified by document, along with the statutory basis for your claim and your reasons for not exercising your discretion to release this information. FOIA also provides that if only portions of the file are exempt from release, the remainder of the file must be released. Therefore, I request that I be provided with all non-exempt portions that can reasonably be segregated.

**EXHIBIT**

9

September 19, 2003
Page 2


     If there is any problem in providing this information, please let me know so that further arrangements can be made.

Sincerely,

Karen Budd-Falen
BUDD-FALEN LAW OFFICES, P.C.

KBF:vld

Enclosure

xc :   Tom French
      Frank Robbins

*Budd-Falen Law Offices*

Karen Budd-Falen[1]
Franklin J. Falen[1]
Marc R. Stimpert[1,2]
Richard W. Walden[1,2,4]
Brandon L. Jensen[1,3]
Richard M. AuBuchon[1]
Lloyd D. Rickenbach[1,5]
Karen L. Spinola[1]

300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-034
Telephone 307/632-5105
Telefax 307/637-3891
E-Mail main@buddfalen.com
Website www.buddfalen.com

October 3, 2003

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
7002 0860 0007 6298 0160

FOIA Officer
Bureau of Land Management
Worland Field Office
101 South 23rd
PO Box 119
Worland, WY 82401-0119

Re:     Freedom of Information Act Request

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on behalf of Frank Robbins, I request the you mail to my office all records, documents, letters, notes, e-mails, correspondence and documents in all other files with Darell Barnes has maintained separate from the general Worland BLM office files relating in any manner to Frank Robbins, the HD, High Island and/or Owl Creek ranches.

This request includes but is not limited to any records, documents, letters, notes e-mails, correspondence and all other documents or files with Darrell Barnes has maintained separate from the general office files regarding the Frank Robbins settlement agreement with the BLM and Department of the Interior.

This information should not be subject to the Freedom of Information Act exemptions and access to the requested documents should be granted within twenty (20) working days. If you determine that some of the information requested is exempt from FOIA, that this information be identified by document, along with the statutory basis for your claim and your reasons for not exercising your discretion to release this information. FOIA also provides that if only portions of the file are exempt from release, the remainder of the file must be released. Therefore, we request that we be provided with all non-exempt portions that can reasonably be segregated.

Page 1 of 2

EXHIBIT
10

Thank you for your cooperation.

Sincerely,

Karen Budd-Falen
BUDD-FALEN LAW OFFICES, P.C.

KBF:lmk

xc:   Frank Robbins

F:\USERS\Leann\ROBBINS\FOIA\worland blm 100303.wpd

## DECLARATION OF LEANN M. KUHL

  I, Leann M. Kuhl, make this declaration based upon my personal knowledge and belief of the facts and circumstances set forth below:

1. I, Leann M. Kuhl, am over the age of 18;

2. I am a paralegal for the law firm Budd-Falen Law Offices, L.L.C..;

3. My work address is 300 East 18th Street, Cheyenne, WY 82001;

4. I am also the FOIA Coordinator for Budd-Falen Law Offices, L.L.C.;

5. I am familiar with the FOIA requests that are the subject of this lawsuit, to include the dates the requests were sent out of our office and the expected response dates;

6. Of the ten FOIA requests sent to either the Worland Bureau of Land Management ("BLM") or the Wyoming State Office for the BLM, our office only received responses for seven of the ten requests.

  I declare under the penalty of perjury that the foregoing is true and correct.

  Executed this 25th day of November, 2003.

LEANN M. KUHL

EXHIBIT

11

# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Worland Field Office
P.O. Box 119
Worland, Wyoming 82401-0119

In Reply Refer To:
1278 (010)
WY-2003-15

April 3, 2003

RECEIVED
APR 0 8 2003
By_____

CERTIFIED MAIL NO. 7002 0860 0008 3519 3039
RETURN RECEIPT REQUESTED

Leann Kuhl, Paralegal
Budd-Falen Law Offices
P. O. Box 346
Cheyenne, WY    82003-0346

RE: Freedom of Information Request

Dear Ms. Kuhl:

We are writing with respect to your Freedom of Information Act (FOIA) request dated February 17, 2003, and received in this office February 20, 2003, in which you ask for:

1. All telephone logs, conversation notes and emails from any telephone or computer used for office business for or from ... [16] ... BLM ... employees from January 1, 2003 to the present.
2. A copy of all FOIA requests sent to the Worland BLM Office from January 1, 2003 to the present.
3. A copy of all notes, meeting minutes, correspondence or any other documents including any agendas or briefing papers relating to or generated from the Interagency Coordination Group meeting held on January 31, 2003 from 9:00 a.m. to 3:30 p.m. at the Worland Field Office.

As explained in our letter of March 19, 2003, the scope of your request is extensive, and search time involved will be considerable, in particular with respect to item 1. NARA (National Archives and Records Administration) and DOI requirements dictate that employees (1) determine which of their emails constitute agency records, then (2) print such emails and properly file them in the appropriate file—which could be a subject matter file, serialized case file, and so forth—before deleting the email from the system. In order to locate all emails that might have been transmitted or received by the individuals listed, it will be necessary to search most every file within the Worland Field Office. We estimate that this task alone will take several hundred work hours.

It has been determined that you fall under the "other" category for purposes of fee calculations, which entitles you to the first 2 hours of search time and the first 100 pages at no cost.  Please note that the Department of the Interior, as part of its new FOIA regulations published in the Federal Register on October 21, 2002 (FR Vol 67, No. 203 / Monday October 21, 2002 / Rules and Regulations, Pages 64527 to 64552), has established a new fee schedule for processing FOIA requests.  The current fee schedule can be found on the DOI FOIA web site at http://www.doi.gov/foia/whatsnew.html.



EXHIBIT
12

The estimated costs for processing your request as submitted are as follows:

Search Time:
| | | |
|---|---|---|
| Clerical | 100 hrs @ $18.40/hr | $ 1,840.00 |
| Professional | 300 hrs @ $32.00/hr | 9,600.00 |
| Managerial | 100 hrs @ $46.40/hr | 4,640.00 |
| [Less 2 hours which are free] | | ( 92.80) |

Copies:
| | | |
|---|---|---|
| 5,000 pp @ $0.13/pg | $ | 650.00 |
| [Less 100 pages which are free] | $ | ( 13.00) |

TOTAL COST:                                    $16,624.20

In accordance with 43 CFR 2.18 (b) and (c), we request that you pay these costs in advance. Enclosed is a "Bill for Collection," Number A429113. Please remit a check or money order, in the amount of $16,630.00 payable to the Bureau of Land Management, to:

> Bureau of Land Management
> Worland Field Office
> P.O. Box 119
> Worland, WY 82401-0119

We will begin to process your request once we have received this payment. The actual cost may be somewhat greater or less than this figure. Once we begin processing your request, if we find that the actual costs differ significantly from the estimate above, we will notify you immediately. Because the search time involved with your request is so extensive, we will be unable to provide responsive records immediately. We estimate that it will take approximately 3 to 4 months to provide all of the documents responsive to your request.

As an alternative, you may wish to modify the scope of your request at this time in order to reduce the fee. For example, you may wish to identify specific topics or subject matter to be considered in the search, rather than all documents regarding any possible number of topics.

If we do not hear from you within 30 days from the date of this letter, we will assume you are no longer interested in receiving the requested records, and will close your case file. If you have any questions at this time, or wish to discuss narrowing the scope of your request, please feel free to contact Margy Tidemann, FOIA Coordinator, at (307) 347-5167.

Sincerely,

for     Field Manager

Form 1371-22
(May 1988)

UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF LAND MANAGEMENT

Bill Number  A429113

BILL FOR COLLECTION

Date
April 3, 2003

Make Remittance Payable To:  DOI, Bureau of Land Management
P. O. Box 119
Worland, Wyoming  82401-0119

RECEIVED
APR 0 8 2003
By _____

Please detach top portion of
this bill and return with
remittance.

Budd-Falen Law Offices
P. O. Box 346
PAYER:  Cheyenne, Wyoming  82003-0346

Amount of Payment $ _____

| DATE | DESCRIPTION | AMOUNT | |
|------|-------------|--------|---|
| 4/3/2003 | Estimate for fees that may be incurred in responding to Freedom of Information Act request filed by Leeann Kuhl, Paralegal dated February 17, 2003.  BLM #WY-2003-15<br><br>Search Time:<br><br>    Clerical        100 hrs @ $18.40/hr.      $ 1,840.00<br>    Professional    300 hrs @ $32.00/hr          9,600.00<br>    Managerial      100 hrs @ $46.40/hr          4,640.00<br>        [Less 2 hours which are free]        (92.80)<br><br>Copies:<br>    5,000 pp @ $-.13/pg                    $  650.00<br>        [Less 100 pages which are free]       (13.00)<br><br>            TOTAL COST            $16,624.20 | $16,624. | 20 |

INTEREST WILL BE ASSESSED AT THE RATE OF      5 % PER YEAR IF FULL PAYMENT IS NOT MADE
WITHIN 30 DAYS OF THE DATE OF THIS BILL.
SEE NOTICE OF ACTIONS IN EVENT OF DELINQUENCY ON REVERSE.

| | | |
|---|---|---|
| AMOUNT DUE THIS BILL | $ 16,624. | 20 |

NOTE:  A receipt will be issued for all cash remittances and for all other remittances when required by applicable procedures.  Failure
to receive a receipt for cash payment should be promptly reported to the bureau or office shown above.



# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Worland Field Office
P.O. Box 119
Worland, Wyoming 82401-0119

In Reply Refer to:
1278
WY-2003-15

June 22, 2003

FAX SENT June 22, 2003, Hard Copy to Follow

CERTIFIED MAIL NUMBER 7003 0500 0004 8602 0418
RETURN RECEIPT REQUESTED

Karen Budd-Falen, Attorney-at-Law
Budd-Falen Law Offices
P. O. Box 346
Cheyenne, Wyoming 82003-0346

RE: Freedom of Information Act Request

Dear Ms. Budd-Falen:

The following is in response to your Freedom of Information Act request dated February 17, 2003 and received in this office February 20, 2003. After additional communication your request was modified on June 4, 2003. You modified to scope of the request to cover responsive documents relating to H. Frank Robbins, the High Island Ranch, the HD Ranch, and the Owl Creek Ranch from January 1, 2003 through February 20, 2003.

In your request you asked for:

Item 1. "...All telephone records, telephone logs, conversation notes and emails from any telephone or computer used for office business =for of from the following ...[BLM] employees from January 1, 2003 to present:

| | |
|---|---|
| Roger Bankert | Roger Inman" |
| Jim Roseberry | Tom Ball |
| Chet Wheeless | Destin Harrell |
| Lin Canella | Bryan McKenzie |
| Dallas Heller | Jim Wolf |
| Greg Berry | Teryl Shryack |
| Darrell Barnes | Nancy Baker |
| Tim Stevens | Bob Gate |

0

Item 2. "A copy of all FOIA requests sent to the Worland BLM Office from January 1, 2003 to the present."



EXHIBIT

13

**Item 3.** "...a copy of all notes, meeting minutes, correspondence or any other documents including any agendas or briefing papers relating to or generated from the Interagency Coordination Group meeting held on January 31, 2003...at the Worland BLM Office."

The following is our response by item. Copies of the responsive documents in our possession pertaining to your request are enclosed.

**Item 1** The following employees have reviewed their files and are unable to locate any records that are responsive to your request.

| | | |
|---|---|---|
| Roger Bankert | Darrell Barnes | Jim Wolf |
| Jim Roseberry | Tim Stevens | Teryl Shryack |
| Chet Wheeless | Tom Ball | Nancy Baker |
| Dallas Heller | Destin Harrell | Bob Bate |
| Greg Berry | Bryan McKenzie | |

Documents responsive to your request from Len Cannella Range Technician are:

A conversation records dated 1/22/03                                        1 pg

Roger Inman is out of the office. Because of his position in the organization, we do not believe he has any responsive documents; however we will check with him as soon as he returns and, if there are responsive documents, we will forward them to you.

Your request listed one of the employees as "Bob Gate." We have an employee, Jim Gates, but we are assuming you meant Bob Bate since he was the only one of the two that attended the Interagency Coordination Meeting.

It has been determined that the computerized data regarding Wyoming BLM phone activity, which is maintained in the State Office, is not responsive to your request. The data reflects only <u>basic</u> information regarding calls made—date, time, and duration of each call; the number called; and the phone extension from which the call originated. We have no way to determine from this data the identify of the parties called, or whether any of the calls might have addressed the subject of Frank Robbins, HD Ranch, High Island Ranch, or Owl Creek Ranch. [As a side note, due to a size limit on the system, older information is automatically deleted as the limit is reached. At the time of your request, we were able to capture and retain data back to January 16, 2003, but could not go back as far as January 1, 2003].

**Item 2:**  Copies of the FOIA requests received by the Worland BLM Office
from January 1, 2003 to the present..                                        31 pp

**Item 3:**  Copies of the responsive documents for this item are:

| | |
|---|---|
| An e-mail message with attachment, Roger Bankert, dated 2/5/03 | 5 pp |
| Hand-written meeting notes, Jim Roseberry, n.d. | 9 pp |
| Wyoming Game & Fish "memo" Tom Easterly to Jim Roseberry | 1 pg |
| Southwest Fuels Analysis Area Vicinity Map. | 1 pg |
| Meeting Register | 1 pg |
| Inter-Agency Coordination Meeting agenda with Fax Covers | 6 pp |

We are withholding all documents directly related to Deliberative Process Privileged documents in accordance with Exemption 5 of the FOIA (5 U.S.C. 552(b)). This documentation consists of approximately 14 hard-copy (xerox) pages. We are also withholding all documents directly related to Attorney/Client Privileged documents in accordance with Exemption 5 of the FOIA (5 U.S.C. 552(b)). This documentation consists of approximately 2 hard-copy pages.

The official responsible for this denial is the undersigned, in consultation with the Department of Interior Solicitor's Office.  Under 43 CFR 2.18, you have the right to appeal this decision to:

> Freedom of Information Act Appeals Officer
> U.S. Department of the Interior
> Office of Information Resources Management (OIRM)
> 1849 C Street, NW (MS-5312, MIB)
> Washington, D.C. 20240

Your appeal must be in writing and received no later than 20 workdays after the date of this letter. The appeal should be marked "FREEDOM OF INFORMATION APPEAL" on both the envelope and the face of the letter. A copy of your original request and this letter should accompany the appeal. To expedite the appeal process and to ensure full consideration of your appeal, your should contain a brief statement of the reasons why you believe this decision is in error.

Because of the current mail delivery delays in Washington, DC, you may fax your appeal to: Appeals Officer (202) 208-6677.

It has been determined that you fall under the "other" category for purposes of fee calculations. Because you are entitled to the first 2 hours search time and the first 100 pages at no cost, there is no fee for these documents.

If you have any questions please contact Roger Bankert, Acting Assistant Field Manager, Resources at (307) 347-5100.

Sincerely,

Darrell Barnes
Field Manager

Karen Budd-Falen[1]
Franklin J. Falen[1]
Marc R. Stimpert[1, 2]
Richard W. Walden[1, 2, 4]
Brandon L. Jensen[1, 3]
Richard M. AuBuchon[1]
Robert D. Singletary[1, 2]
Lloyd D. Rickenbach[5]

300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346
Telephone 307/632-5105
Telefax 307/637-3891
E-Mail main@buddfalen.com
Website www.buddfalen.com

[1]admitted in Wyoming
[2]admitted in Oklahoma
[3]admitted in Colorado
[4]admitted in California
[5]admitted in Utah

September 2, 2003

William G. Myers III
Solicitor, Department of the Interior
MS 6352-MIB
1849 C Street, NW
Washington, D.C. 20240

Rebecca Watson
Assistant Secretary
Land and Minerals Management
Department of the Interior
MS 6628-MIB
1849 C Street, NW
Washington, D.C. 20240

Re:    Frank Robbins Requests for Information

Dear Bill and Ms. Watson:

The purpose of this letter is to convey my concern regarding the Bureau of Land Management's ("BLM") transmission of certain information to this firm via the Freedom of Information Act ("FOIA") versus information that is given to the "public" as public documents. On July 1, 2003, I sent a FOIA request to the Worland BLM regarding certain information used for a newspaper article regarding Frank Robbins. On August 22, 2003 (substantially after the statutory period for responding to a FOIA had passed), I received the attached letter from Darrell Barnes, with a substantially redacted FOIA response. See Exhibit 1. Mr. Robbins has never been allowed to review his files that are "public documents," although apparently the Casper Star Tribune can review those "public documents."

On August 27, 2003, I received a telefax with certain documents from a newspaper reporter with the Casper Star Tribune. See Exhibit 2. This telefax contained a complaint prepared by PEER (Public Employees for Environmental Responsibility) to the Interior Inspector General. The complaint from PEER was dated the same date as it was telefaxed to me from the Casper Star reporter. One of the documents attached to the PEER complaint was the same type of document that Darrell Barnes sent to me in the redacted form. In other words, first PEER, then the Casper Star Tribune received information from the Worland BLM that the Worland BLM will not send to me regarding my client. Additionally interesting is that a part of the Requests for Admission transmitted to this office from Darrel Barnes, District Manager at the Worland BLM is a statement that the Worland BLM has NEVER transmitted any information to

EXHIBIT

14

September 2, 2003
Page 2


PEER.  <u>See</u> Exhibit 3 Question 13.

Although I understand that there are those in the Department of the Interior who are investigating the propriety of the settlement agreement between Frank Robbins and the BLM, I would request that this blatant violation of FOIA be added to that investigation.  There are two sides to every story.  I sincerely hope that the Department of the Interior is considering both sides of the information being gathered by it.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Karen Budd-Falen
BUDD-FALEN LAW OFFICES, P.C.


KBF:vld

Enclosure

xc w/enc.:     Frank Robbins
               John Kunz
               Bob Comer
               Tom Roberts
               Tom French
               Fran Cherry

# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Worland Field Office
P.O. Box 119
Worland, Wyoming 82401-0119

In Reply Refer To:
1278 (010)
WY-2003-49

August 22, 2003

CERTIFIED MAIL NO.  7003 0500 0004 8602 5390
RETURN RECEIPT REQUESTED

Karen Budd-Falen
Budd-Falen Law Offices
P. O. Box 346
Cheyenne, WY    82003-0346

RE: Freedom of Information Act Request – Casper Star Tribune Article

Dear Ms. Budd-Falen:

We are writing with respect to your letter of July 1, 2003, in which you ask for information relating to an article that appeared in the June 22, 2003 Casper Star Tribune newspaper. In your request, you provided statements made in the article, and asked for " ... the information upon which these statements were based or may have been based." Specifically, you asked for:

1. Any files, documents and other information given to the Casper Star Tribune or any employee of that newspaper regarding Frank Robbins or any of his operations, at any time, and

2. Any files, documents and information upon which any statements made by any BLM employees appearing in the June 2, 2003 article were based.

With respect to Item 1:

We have no records of which specific documents were provided to the Casper Star Tribune (CST) staff. The Casper Star Tribune (CST) staff did not submit a FOIA request for any documents; the only documents provided to the CST staff were public documents, which are available for review and copy (without filing a FOIA request) by any member of the public. Bureau of Land Management offices do not record which specific public documents are copied and provided to public requesters.

With respect to Item 2:

With one exception, the statements from the article that you have included in your letter were made by the CST or other organizations (e.g., Ruch), not by BLM staff. The statements made by the CST were presumably based upon the review of public documents conducted by the CST staff, and reflect the opinion of that newspaper.



EXHIBIT

1

tabbies

The one statement that was attributed to a Worland BLM employee was quote number 4 in your letter, which reads as follows:

"According to Dave Wallace, supervisory range conservationist, Worland has sent about a dozen issues to Cheyenne. Some issues have expired, others have been worked through, but still others are unresolved, Wallace said."

The attached documents is a chronological listing of topics sent from the Worland Field Office to the Wyoming State Office. Mr. Wallace did not have this document at hand when interviewed by the CST, but was trying to recall this document from memory as best as possible when stating that some topics had been sent to the State Office subsequent to the settlement agreement.

We have redacted information from this document in accordance with Exemptions 5, 6, 7(A), 7(C), and 7(D) of the FOIA (5 U.S.C. 552(b)). Redacted information can be identified by the "blackout" markings on the document. All redacted information is withheld under Exemptions 5 and 7(A). Portions of the redacted information are also withheld under Exemptions 6, 7(C), and (7D). These portions are indicated with notes in the document.

With respect to Exemption 5:         The entire set of information withheld consists of intra-agency communications reflecting staff opinion and materials submitted to management for review and consideration. Release of this deliberative, pre-decisional material would have a chilling effect on our internal deliberative process. Premature release of this material before it is adopted or acted upon in any final form would also likely confuse the public as to any actual policy or decision, as well as which reasons and rationales were ultimately considered in formulating a final policy or decision. For these reasons, a sound legal basis exists for withholding these documents from release.

With respect to Exemption 6:         Portions of the information consist of unsolicited comments from private individuals. We are unable to discern any public interest that would be served by release of this material, and have determined that release of the material would constitute an unwarranted invasion of personal privacy. For these reasons, a sound legal basis exists for withholding these records from release. Release of any portion of this information could reasonably be expected to reveal identities of individuals involved.

With respect to Exemption 7:         Release of any of the redacted material could reasonably be expected to interfere with current or prospective enforcement proceedings, and is withheld in accordance with Exemption 7(A). Portions of the material also contain personal information that has been withheld in accordance with Exemption 7(C), as disclosure of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy. In addition, this same material is withheld in accordance with Exemption 7(D), as release of this information could reasonably be expected to disclose the identity of a confidential source.

The official responsible for this partial denial and partial "no records" response is the undersigned, in consultation with the Office of the Regional Solicitor, Department of the Interior, Denver, CO 80225. In accordance with Department of the Interior regulations at

43 CFR 2.28-2.30 (2003), you have the right to appeal this decision to:

> Freedom of Information Act Appeals Officer
> U.S. Department of the Interior
> Office of Information Resources Management (OIRM)
> 1849 C Street, NW (MS-5312, MIB)
> Washington, D.C. 20240

Your appeal must be in writing and received no later than 30 workdays after the date of this letter. The appeal should be marked "FREEDOM OF INFORMATION APPEAL" on both the envelope and the face of the letter. A copy of your original request and this letter should accompany the appeal. To expedite the appeal process and to ensure full consideration of your appeal, your letter should contain a brief statement of the reasons why you believe this decision is in error. Because of the current mail delivery delays in Washington, DC, you may fax your appeal to: FOIA Appeals Officer (202) 208-6677.

No fee is charged for responding to your request, as the cost does not meet the $30 threshold limit established by the Department for fee collection under the FOIA (43 CFR 2.18(a), 2003).

If you have any questions with respect to this response, please contact Margy Tidemann, FOIA Coordinator, at (307) 347-5167.

Sincerely,

Darell Barnes

Field Manager

Attachment – 2 pp

2003

[FOIA NOTE: Items 117 and 121 have been withheld in accordance with Exemptions 5, 6, 7(A), 7(C) and 7(D) of the FOIA (5 U.S.C. 552(b). The remainder have been withheld in accordance with Exemptions 5 and 7(A) of the Act.]

*113. January 15, 2003*          *Settlement Agreement Signed*

*114. February 13, 2003*          *Issuance of the Owl Creek Grazing Permit*

Information to WSO:   F. Robbins received the permit and signed it on February 14, 2003.



The Owl Creek Conditional Grazing Permit approved on February 26, 2003.





*115. February 26, 2003*          *Owl Creek Grazing Permit Issuance*



*116. March 24, 2003*

Information to WSO:

*117. March 24. 2003*

Information to WSO:

1

117. March 24, 2003 (continued)



[FOIA NOTE: The above record has been withheld in accordance with Exemptions 5, 6, 7(A), 7(C) and 7(D) of the FOIA (5 U.S.C. 552(b).]



118. March 31, 2003

Information to WSO:

119. April 15, 2003

Information to WSO:

120. May 30, 2003

121. June 11, 2003

Information to WSO:

[FOIA NOTE: The above record has been withheld in accordance with Exemptions 5, 6, 7(A), 7(C) and 7(D) of the FOIA (5 U.S.C. 552(b).]



122. June 11, 2003

Information to WSO:

Star Tribune

Wyoming's Largest New...   9th Lane, P.O. Box 80, Casper, Wyoming 82602, (307)266-0500

## FAX TRANSMISSION SHEET

Date: 8/28

TO: Karen Budd-Falen    LOCATION: _____

FROM: Brodie Farquhar _____ 266-0538

Number of sheets (including cover sheet) _____

NOTES: _____

_____

_____

_____

*To transmit to our FAX machine, please call (307) 266-0561*  0568

EXHIBIT

2

Mr. Earl E. Devaney
Inspector General
Department of Interior
1849 C Street, NW
Washington, DC 20240

August 28, 2003

Dear Mr. Devaney:

I am writing on behalf of Public Employees for Environmental Responsibility (PEER) to request that your office conduct an investigation into irregularities in rangeland regulatory enforcement by the Bureau of Land Management (BLM) Wyoming State Office and Washington Office Headquarters. Specifically, PEER is asking the Department of Interior Office of Inspector General to determine —

1. The reason that BLM Director Kathleen Clarke, or her designee, the BLM Wyoming State Director, has refused for a period of months to pursue or seek enforcement action for a number of grazing-related violations reported to it by its Worland Field Office concerning a permittee named Frank Robbins;

2. Why the BLM Washington Office did not act on or acknowledge reports from the Worland Field Office and the U.S. Attorney of ongoing grazing violations by Frank Robbins even as it negotiated an agreement conditionally dismissing prior violations contingent on no further violations during a two-year period; and

3. The rationale for the BLM Washington Office and the Office of the Solicitor executing an agreement with Mr. Robbins in the face of warnings from the U.S. Attorney that such an agreement would compromise the ability of the Department of Justice to represent BLM on matters of civil or criminal enforcement of BLM grazing regulations.

PEER believes the BLM Director, her designees and the responsible officials within the Office of the Solicitor for the Department of Interior have acted in violation of Executive Order 12674 of April 12, 1989 (as modified by E.O. 12731) in this matter. That Executive Order commands that all executive branch employees "shall act impartially and not give preferential treatment to any private organization or individual." The Executive Order further directs that "Employees shall endeavor to avoid any actions creating the appearance that they are violating the law or the ethical standards promulgated pursuant to this order."

In addition, PEER believes that these officials have undermined the purpose of the Federal Land Management Policy Act as articulated in 43 CFR 1601.0-2 to "maximize resource values for the public through a *rational, consistently applied* set of regulations and procedures..." (Emphasis added)

In an agreement dated November 27, 2002 executed between the BLM and Mr. Robbins, the agency conditionally stayed 16 adjudications involving citations for grazing violations (unauthorized grazing, overgrazing and grazing trespass) against Mr. Robbins. The agreement would be voided if, within 24 months of the agreement, BLM begins administrative enforcement or adjudication "alleging willful trespass, the violation of any regulation, law or BLM decision where range or resource degradation is at issue." The agreement also specified a "dispute resolution" mechanism whereby only the BLM Director "or any designee she chooses" may make decisions concerning issues encompassed by the agreement.

In addition, this remarkable agreement granted Mr. Robbins additional flexibility for grazing practices in allotments with less than 50 % federal ownership, conditional transfer of the Owl Creek permit, a right-of-way without reciprocal easement for BLM, consideration for preferential actual use billing for permitted grazing, a promise to facilitate a land exchange and a Special Recreation permit.

As the agreement was being finalized, Thomas Roberts, the Assistant U.S. Attorney for the District of Wyoming, wrote to John Kunz, Assistant Regional Solicitor, that the "agreement will clearly have an effect on the [sic] our ability to represent BLM in either criminal or civil matters" due to the unequal favorable treatment extended solely to Mr. Robbins [Exhibit I]. This letter was also circulated through the BLM chain-of-command.

In a March 23, 2003 "Analysis of Billing History" for permits owned by Mr. Robbins, the BLM Worland Office found violations involving unauthorized grazing, inaccurate use reports and unpaid permit fees by Mr. Robbins [Exhibit II]. This Analysis also includes this notation:

> " The WFO was instructed by WO in May 2002 that WO was working on a Settlement Agreement and that the WFO was to not respond to any unauthorized livestock use."

As seen from the following exhibits, that no-enforcement order with respect to Mr. Robbins by the BLM Wyoming Office appears to remain in effect until today.

In an April 14, 2003 memorandum to Assistant Regional Solicitor John Kunz, and forwarded to the BLM Wyoming State Office, the Worland Field Office supervisory rangeland specialist elaborated on a string of alleged ongoing violations by Mr. Robbins and concludes "a reasonable person would conclude that the above facts are inconsistent with the grazing permits and the Settlement Agreement." [Exhibit III]

In an August 4, 2003 memorandum to BLM Wyoming Associate State Director Alan Kesterke, the Worland Field Office supervisory rangeland specialist updated unresolved compliance issues concerning Mr. Robbins and appended a monitoring report on two of the Robbins allotments. [Exhibit IV] Summarizing condition on one of those allotments, the memo concludes:

> " Difficult to find any residual grass with stubble height being less than 1 inch. Unable in some areas and difficult in other areas to find ungrazed grass plants and unable to identify grass due to level of grazing in many areas of the allotment...Utilization on public land is estimated at heavy to severe."

These documents and other records that are on file with the U.S. Attorney for the Wyoming District appear to demonstrate a pervasive and repeated posture reaching to the highest levels of BLM of refusing to enforce regulations and rules designed to protect federal rangelands from degradation against one individual. BLM negotiated and keeps in force an agreement granting various considerations to Mr. Robbins despite persistent reports from BLM staff of violations by Mr. Robbins before, during and after negotiation of the settlement agreement.

Not unexpectedly, this concerted conferral of preferential treatment on one permit holder has encouraged other permittees in Wyoming to also seek dispensation from regulatory requirements. As a result the actions of senior BLM and Solicitor officials has undermined rational and consistent management of federal rangelands to the detriment of the public interest.

If you have questions or need any additional information in order to evaluate the merits of this request for investigation, please do not hesitate to contact me.

Cordially,


Jeff Ruch
Executive Director

Cc. Kathleen Clarke, BLM Director
Robert Bennett, BLM Wyoming State Director
William Myers, Solicitor, Department of Interior

UNITED STATES DEPARTMENT OF THE INTERIOR
BUREAU OF LAND MANAGEMENT
Worland Field Office
P.O. Box 119,
Worland, Wyoming 82401-0119

IN REPLY REFER TO:

April 14, 2003

Memorandum

To:         John Kunz, Regional Solicitor's Office

From:       David L. Wallace, Supervisory Rangeland Specialist

Subject:    Inquiry regarding livestock use by Frank Robbins

The Worland Field Office Range staff has monitored livestock use, as follows. The livestock use (i.e., monitoring information) and analysis are documented in the Official Records. The following information was sent to the Wyoming State Office (decision authority) on March 19, 21, and 24, 2003 as well as on April 10, 2003 (excludes information on 4/14/03 which has just been received).

Monitoring Information

| 3/07/03 | #574 Coal Draw | Cert. of Livestock Count | 62 Cattle |
| 3/12/03 | #574 Coal Draw | Cert. of Livestock Count | 611 Cattle |
| 3/12/03 | Conversation Record (Frank Robbins with John Elliot and Len Cannella) | | |

- Robbins stated that he is using #574 Coal Draw with 650 Cattle from 2/19/03 to 4/01/03
- Robbins stated that he has 330 Cattle on #535 West Cottonwood until 3/18/03
- Robbins stated that he was going to move his cattle to #573 Wagonbound Bench on 4/2/03

| 3/14/03 | #535 West Cottonwood | Cert. of Livestock Count | 302 Cattle |
| 3/26/03 | #573 Wagonhound Bench | Cert. of Livestock Count | 178 Cattle |

- Not an accurate and complete count because was incidental to sage grouse lek observations. The cattle were within about 1 mile radius of the lek.

4/14/03       Conversation Record and Certified Actual Use Report (Frank Robbins with John Elliot)
- Robbins stated that he used #574 Coal Draw with 650 Cattle from 2/18/03 to 4/02/03
- Robbins stated that he used #535 West Cottonwood, Northwest pasture with 330 cattle from 01/24/03 to 3/24/03 6 days
- Robbins stated that he used #535 West Cottonwood, Powerline pasture from 02/10/03 to 02/17/03
- Robbins stated that he is using #573 Wagonhound Bench with 330 cattle 03/24/03 to 04/24/03 32 days
- Robbins stated that he is using #534 East Cottonwood with 650 cattle 04/03/03 to 05/01/03

Agreement Analysis

A) In accordance with paragraph 4.b.(2)[page 7 of 16] of the Settlement Agreement, dated January 15, 2003, the #574 Coal Draw, # 573 Wagonhound Bench, and #535 West Cottonwood allotments (86%, 66%, and 52% public land acres, respectively) are to be grazed in accordance with the grazing permit, as follows:

| | | | |
|---|---|---|---|
| #574 Coal Draw | 360 cattle | 11/01-02/06 | 928 AUMs |
| #573 Wagonhound Bench | 173 cattle | 09/15-02/28 | 560 AUMs |
| #535 West Cottonwood | 330 cattle | 03/01-04/23 | 281 AUMs |
| | 330 cattle | 11/20-02/28 | 526 AUMs |

B) In accordance with paragraph 4.b.(1)[page 6 of 16], Settlement Agreement, dated January 15, 2003, Robbins has the ability to vary livestock numbers, season of use, and allocated AUMs without prior notification (i.e., additional management flexibility) in those allotments in which his deeded acres and state leased acres sum 50% or greater (this includes use of the #534 East Cottonwood @ 3,396 or 50% public land acres). He is only limited to use by utilization criteria set forth in paragraph 4.b.(1)[page 7 of 16].

General Conclusions

1) Robbins has not had any grazing authorizations since March 1, 2002 nor has he paid a grazing bill since that time. At this time, no prior grazing authorizations have been provided.

2) Robbins was grazing the Coal Draw allotment (2/18/03 reported on 4/14/03) previous to formal issuance of the grazing permit (Owl Creek Ranch) on 2/26/03.

3) Robbins has grazed Coal Draw, Wagonhound Bench, West Cottonwood (for 7 days Robbins had excess livestock numbers), and East Cottonwood differently than specified season of use and
· livestock numbers defined on the grazing permits without formal application for modifications requiring an environmental assessment decision process.

6 + 32 days 4) Robbins reports conflicting information regarding livestock use on 3/12/03 and 4/14/03 to John
· Elliot.

5) According to monitoring data, livestock use levels on key forage species surpass criteria outlined in either the Grass Creek RMP or the Settlement Agreement.

6) Under the terms of the Settlement Agreement and internal direction, WFO is not the decision making authority for identifying or resolving conflict. The aforementioned information is passed through the chain-of-command for resolution by the Director's Designee. This process has been followed.

7) Given the aforementioned, documented information, a reasonable person would conclude that the above facts are inconsistent with the grazing permits and the Settlement Agreement.



U.S. Department of Justice

*Matthew H. Mead*
United States Attorney
District of Wyoming

AUG 30 '02

*Post Office Box 668*
*Cheyenne, WY 82003-0668*
*307-772-2124*
*FAX/307-772-2123*

*Post Office Box 1056*
*Casper, WY 82602-1056*
*307-261-5434*
*FAX/307-261-5471*

*933 Main, Suite 6*
*Lander, WY 82520*
*307-332-8195*
*FAX/307-332-7104*

August 28, 2002

John R. Kunz, Assistant Regional Solicitor
Bureau of Land Management
Department of Interior
755 Parfet Street, Suite 151
Lakewood, Colorado 80215

Re:    Proposed Settlement Agreement (revised) –
       H. Frank Robbins/Bureau of Land Management

Dear John,

We have your letter dated August 20, 2002, along with the revised draft settlement agreement dated July 17, 2002, between H. Frank Robbins and the Bureau of Land Management. Our comments and suggestions, as requested, are set forth hereafter designated by page and paragraph number.

Page 4, subparagraph 1r – The agreement states the United States Department of Justice and H. Frank Robbins agree to jointly request a stay of the pending Tenth Circuit Court of Appeals action case number 01-8037. The defendant/appellees in this litigation are individuals, at least one of whom is no longer employed by the Bureau of Land Management. This litigation was initiated by Robbins in September, 1998, and is, as of today, even yet unresolved. The Tenth Circuit Court, on August 21, 2002, reversed and remanded the decision of United States District Judge Clarence A. Brimmer dismissing Robbins' second amended complaint. The matter will thus be returned to the United States District Court, District of Wyoming, for further proceedings. A stay of this matter would require the agreement of all individual defendants. We, quite frankly as counsel for the defendants, cannot ethically or in good conscience recommend they agree to such a stay, particularly when we have a valid basis for dismissal, qualified immunity, which Judge Brimmer did not affirmatively decide in his decision, and the Tenth Circuit did not address. There is, in addition, absolutely no basis to either the RICO or *Bivens* claim. You and I have previously discussed our thoughts on a stay of this litigation, thus you are aware of our ethical concerns. This litigation has continued for almost four years, and to now request the defendants agree to allow the matter to sit for another thirty months without final resolution is ethically unacceptable. We thus request this provision as well as the signature line for the United States Attorney on page 18 be removed.

Page 5, subparagraph 2c – The decision whether the United States would appeal any decision ordering payment of attorney's fees in the referenced Freedom of Information Act case is solely within the province of the Solicitor General of the United States. We are unwilling to reach any conclusions with regard to appeal until a decision is issued and reviewed by our office in

N:\TRoberts\ROBBINS - SETTLEMENT\kunz ltr settle2nd.wpd

consultation with our client agency, the Bureau of Land Management. We, in addition cannot "stipulate and agree" to take "further appropriate actions" which may in any way contradict a decision of the Office of Solicitor General to appeal any adverse decision.

Page 6, paragraph 3 - This paragraph is substantially unchanged from the prior version which appeared at page 5, paragraph 3. We would thus reiterate the comments with regard to this paragraph set forth in our July 18, 2002, letter.

*get copy*

Page 8, paragraph 6 - This paragraph is substantially unchanged from the prior version which appeared at page 6, paragraph 5. We would thus reiterate the comments with regard to this paragraph set forth in our July 18, 2002, letter.

Page 9, paragraph 8 - This paragraph is substantially unchanged from the prior version which appeared at page 8, paragraph 7. We would thus reiterate the comments with regard to this paragraph set forth in our July 18, 2002, letter. The Office of the United States Attorney, District of Wyoming, is not counsel of record in this matter  In addition, the reference to paragraph "1r" should now be a reference to paragraph "1q".

Page 11, paragraph 10 - This paragraph originally appeared as page 9, paragraph 9, and has been extensively rewritten. The paragraph continues, however, to unnecessarily limit the Interior Board of Land Appeals decision dated May 20, 1999, which recognized the Bureau of Land Management has a limited administrative right of access across Robbins' private property to access and manage public land. The deletion of the "prior notice" requirement stated in the first draft of the settlement agreement is appropriate.

Page 13, paragraph 12 - This paragraph still suffers from the "to consider" problems identified in our July 18, 2002, letter under the heading page 11, paragraph 11.

Page 18 - the signature line for the United States Attorney, District of Wyoming, should be removed.

A global settlement of at least all administrative matters now pending between Robbins and the BLM is an admirable goal. This proposed agreement however is clearly not the vehicle reach to such goal. The agreement will clearly have an effect on the our ability to represent BLM in either criminal or civil matters. Another permitee and Robbins are, for example, both in violation of a closure order. BLM -Wyoming can immediately cite the other permitee. It can not however cite Robbins without Director approval. How do we handle the civil or criminal case brought to our office by BLM on the other permitee? What justification is there for prosecuting all permitees other than Robbins for the same conduct? It is not beyond the realm of possibility such issues may arise.

A copy of our July 18, 2002, letter is attached for your convenience.

Thank you.

Sincerely,

MATTHEW H. MEAD
United States Attorney

By
THOMAS D. ROBERTS
Assistant United States Attorney

TDR:mkt

c:     Bob Comer, Associate Solicitor (w/enc.)
       Division of Land & Water
       United States Department of Interior
       Office of the Solicitor
       1849 C Street, N.W., Mail Stop 6352
       Washington, DC 20240

       Lori Caramanian, Attorney (w/enc.)
       Environment and Natural Resources Division
       United States Department of Justice
       Ben Franklin Station, P.O. Box 663
       Washington, D.C. 20044-0663

       Thomas L. Sansonetti, Assistant Attorney General (w/enc.)
       Environment and Natural Resources Division
       U.S. Department of Justice
       950 Pennsylvania Avenue, NW, Room 2141
       Washington, DC 20530-0001

N:\TRoberts\ROBBINS - SETTLEMENT\kunz ltr settle2nd.wpd

THOMAS D. ROBERTS
Assistant United States Attorney
STEVEN K. SHARPE
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
Facsimile: 307-772-2123



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

HARVEY FRANK ROBBINS,                )
                                     )
                 Plaintiff,          )     No. 98CV201-B
                                     )
          v.                         )
                                     )
BUREAU OF LAND MANAGEMENT ("BLM"))
DEPARTMENT OF THE INTERIOR, THE      )
UNITED STATES OF AMERICA, CHARLES    )
WILKIE, individually and as an employee of )
the BLM,, DARREL BARNES, individually )
and as an employee of the BLM,       )
TERYL SHRYACK, individually and as an )
employee of the BLM, PATRICK MERRILL, )
individually and as an employee of the BLM, )
DAVID STIMSON, individually and as an )
employee of the BLM, MICHAEL MILLER, )
individually and as an employee of the BLM, )
GENE LEONE, individually and as an employee )
of the BLM, and JOHN DOES 1 through 20, )
                                     )
                 Defendants.         )

## DEFENDANT DARRELL BARNES RESPONSE TO PLAINTIFF'S COMBINED WRITTEN DISCOVERY INTERROGATORIES - REQUESTS FOR PRODUCTION - REQUEST FOR ADMISSIONS

**EXHIBIT**

**3**

## REQUESTS FOR ADMISSIONS

1.    Please admit that the only SRUP which has ever been suspended by the BLM in Worland, Wyoming is the SRUP held by Frank Robbins.

RESPONSE: Deny.

2.    Please admit that the BLM in Worland, Wyoming has never suspended a grazing permit.

RESPONSE: Deny.

3.    Please admit that Frank Robbins is the only permittee of federal lands administered in Worland, Wyoming who has ever been issued a trespass citation for improvements made on a BLM road.

RESPONSE: Deny.

4.    Please admit that the Defendant has been an employee of the BLM, Department of Interior continuously since he started working for the BLM to the date of this written discovery.

RESPONSE: Admit.

5.    Please admit that the Defendant was an employee of the BLM during the events alleged in the Second Amended Complaint.

RESPONSE: Admit.

6.    Please admit that the easement given to the BLM by George Nelson in 1994 was extinguished when Frank Robbins recorded his ownership interest in the High Island Ranch in 1994.

RESPONSE: Deny. This request addresses a legal theory on which Defendant is not qualified to respond.

7.     Please admit that the Defendant gave awards, in the form of additional monetary compensation, to the BLM employees who testified as government witnesses in the United States District Court for the District of Wyoming case of *USA v. Harvey Frank Robbins.*

RESPONSE: Deny. All supervisors have authority to give awards to employees for superior performance, and numerous awards have been given since 1994. No awards were given to any employee for testifying at trial.

8.     Please admit that Darrell Barnes opposed the final settlement agreement signed by the BLM and Frank Robbins.

RESPONSE: Defendant respectfully objects to this request for admission as not reasonably calculated to lead to the discovery of admissible evidence. Defendant further respectfully objects to this request as irrelevant and immaterial to the issues of this litigation.

9.     Please admit that Darrell Barnes is opposed to the settlement agreement signed by the BLM and Frank Robbins.

RESPONSE: Defendant respectfully objects to this request for admission as not reasonably calculated to lead to the discovery of admissible evidence. Defendant further respectfully objects to this request for admission as irrelevant and immaterial to the issues of this litigation.

10.    Please admit that since the settlement agreement signed by the BLM and Frank Robbins was signed, Darrell Barnes or his agents have tried to persuade other BLM employees that Frank Robbins has been in violation of the terms of that settlement agreement.

RESPONSE: Defendant respectfully objects to this request for admission as not reasonably calculated to lead to the discovery of admissible evidence. Defendant further respectfully objects to this request for admission as irrelevant and immaterial to the issues of this litigation.

11.    Please admit that Darrell Barnes or his agents sought an investigation of the legality of the settlement agreement signed by the BLM and Frank Robbins.

RESPONSE: Defendant respectfully objects to this request for admission as not reasonably calculated to lead to the discovery of admissible evidence. Defendant further respectfully objects to this request for admission as irrelevant and immaterial to the issues of this litigation

12.    Please admit that YOU OR ANYONE ACTING ON YOUR BEHALF have provided documents to John Marvel or Western Watershed Project related to Frank Robbins.

RESPONSE: The Bureau of Land Management has provided documents pursuant to a Freedom of Information Act request. Western Watershed staff have visited the Worland office on more than one occasion, and reviewed information in the official records available to the general public. Water Watershed Project has requested and been granted status as an Interested Party under the regulations contained in 43 CFR Part 4100 for all grazing allotments under the jurisdiction of the Worland Field Office. An Interested Party is on the mailing list for all decisions relating to public lands in the Worland Field Office jurisdiction.

13.    Please admit that YOU OR ANYONE ACTING ON YOUR BEHALF have provided documents to PEER and/or its officers or directors related to Frank Robbins.

RESPONSE: Deny.

14.    Please admit that YOU OR ANYONE ACTING ON YOUR BEHALF have provided documents to the Humane Society of the United States, and/or its officers or directors related to Frank Robbins.

RESPONSE: The Bureau of Land Management has provided public records which are generally available to the public.

15.    Please admit that YOU OR ANYONE ACTING ON YOUR BEHALF have provided documents to the Center for Biological Diversity and/or its officers or directors related to Frank Robbins.

RESPONSE: Deny.

16.    Please admit that YOU OR ANYONE ACTING ON YOUR BEHALF have provided documents to the Natural Resources Defense Council and/or its officers or directors related to Frank Robbins.

RESPONSE: Deny.

DATED this _____ day of August, 2003.

                            MATTHEW H. MEAD
                            United States Attorney

By:  _____
                            THOMAS D. ROBERTS
                            Assistant United States Attorney

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing DEFENDANT DARRELL BARNES RESPONSE TO PLAINTIFF'S COMBINED WRITTEN DISCOVERY INTERROGATORIES - REQUESTS FOR PRODUCTION - REQUEST FOR ADMISSIONS was served upon the following, by the method(s) indicated below on the ___ day of August, 2003.

Thomas R. French (w/enc.)
Thomas R. French, P.C.
125 South Howes Street, Suite 401
Fort Collins, Colorado 80521

[ ] By Facsimile - 970 - 482 - 3148
[X] By U.S. Mail - postage prepaid
[ ] By Hand Delivery
[ ] By Overnight Courier

Budd-Falen Law Offices, P.C.(w/o enc.)
P.O. Box 346
Cheyenne, WY 82003-0346

[ ] By Facsimile 637-3891
[X] By U.S. Mail - postage prepaid
[ ] By Hand Delivery
[ ] By Overnight Courier

Thomas R. Graf, Attorney (w/o enc.)
Office of General Counsel
U.S. Department of Interior
755 Parfet Street, Suite 151
Lakewood, CO 80215

[ ] By Facsimile
[X] By U.S. Mail - postage prepaid
[ ] By Hand Delivery
[ ] By Overnight Courier

Jennifer Rigg, Attorney (w/o enc.)
Office of General Counsel
U.S. Department of Interior
755 Parfet Street, Suite 151
Lakewood, CO 80215

[ ] By Facsimile
[X] By U.S. Mail - postage prepaid
[ ] By Hand Delivery
[ ] By Overnight Courier

Office of the United States Attorney

162

1            IN THE UNITED STATES DISTRICT COURT

2               FOR THE DISTRICT OF WYOMING

3    ---------------------------------------------------------

4    HARVEY FRANK ROBBINS,

5                    Plaintiff,

6        vs.                        No. 98-CV-201-B

7    CHARLES WILKIE, individually, and as
     an employee of the BLM, DARRELL BARNES,
8    individually, and as an employee of the
     BLM, TERYL SHRYACK, individually, and as
9    an employee of the BLM, PATRICK MERRILL,
     individually, and as an employee of the
10   BLM, DAVID STIMSON, individually, and as
     an employee of the BLM, MICHAEL MILLER,
11   individually, and as an employee of the
     BLM, GENE LEONE, individually, and as an
12   employee of the BLM, and JOHN DOES 1
     through 20,
13
                    Defendants.
14   ---------------------------------------------------------

15

16            DEPOSITION OF DARRELL BARNES
                    VOLUME II OF II
17              Taken in behalf of Plaintiff

                 12:40 p.m., Wednesday
18                September 10, 2003

19

20        PURSUANT TO NOTICE, the deposition of

21   DARRELL BARNES was taken in accordance with the applicable

22   Federal Rules of Civil Procedure at the offices of the

23   Bureau of Land Management, 101 South 23rd Street, Worland,

24   Wyoming, before Lori Arnold, Registered Merit Reporter and

25   Notary Public of the State of Wyoming.



EXHIBIT

15

170

just

1    to cancel actual-use billing, right?  Is that what you

2    said?

3         A.    That's what I said.

4         Q.    How long have you been with the BLM?

5         A.    Close to 30 years, not counting military.

6         Q.    Do you know what actual-use billing is?

7         A.    I know there's actual-use billing.

8         Q.    What's your understanding of what actual-use

9    billing is?

10        A.    My understanding is that that's a form of

11   after-the-fact billing.

12        Q.    Weren't you involved with meetings with

13   Mr. Robbins where Mr. Robbins' actual-use billing was

14   allegedly cancelled by Ms. Shryack and/or Mr. Vessels?

15        A.    You know, I don't believe I was in attendance at

16   any such meetings.  I was aware that that was an issue.

17        Q.    Yesterday I showed you Exhibit 64-0010, which

18   consists of a letter from a representative of PEER,

19   executive director of PEER, to the inspector general,

So

20   Department of the Interior and a number of attachments.

21   obviously it's a fair assumption that somehow PEER got

22   ahold of the documents because these documents were

23   attached to their letter, which was sent to PEER.  Do you

24   know how PEER got the documents -- the BLM documents which

25   are attached to their letter in Exhibit 64-0010?

171

1    A.    No.

2    Q.    Have you ever talked with Mr. Wallace about the

3    documents that were attached to the PEER letter?

4    A.    No.

5    Q.    Have you --

6    A.    I think this is the first time I've ever seen

7    that PEER letter.

8    Q.    Is it of any concern to you that a letter from

9    PEER to the inspector general contains documents,

10   memorandums from your office and apparently a letter,
     which

11   in some situations would be considered privileged from
     your

12   attorney to an assistant regional solicitor about Frank

13   Robbins and the settlement agreement?  Does that concern

14   you?

15   A.    I think it would concern me.

16   Q.    It would make you think that there was a leak of

17   information which shouldn't be given to private citizens,

18   correct?

19   A.    That's what it looks like, but you know, I have

20   no knowledge of a source of any of this.

21   Q.    And if Mr. Wallace were providing -- if he were,

22   I'm not saying he did, but I'm saying if Mr. Wallace

23   provided this copy of the letter from Mr. Roberts to

24   Mr. Kunz dated August 28, 2002, that would be improper in

25   your eyes, wouldn't it?

172

1    A.    Yeah.

2    Q.    And just like giving Mr. Kunz these -- or giving

3    PEER a copy of the memorandums to John Kunz from David

4    Wallace would also be improper, wouldn't it?

5    A.    I think it would be -- it's improper that there's

6    leaks, no matter what the source is.

7    Q.    So you'll do an investigation about how this

8    happened?

9    A.    No, I don't intend to.  I think that these, as an

10   example, these documents are not only in this office, you

11   know, they were shipped to other offices and, you know,

12   what the source of any of this information that the people

13   might gather, reporters and otherwise, who knows?  And I

14   thought about it.  I mean, who knows?  I can't speculate.

15   Q.    And it doesn't concern you enough to do any

16   investigation?

17   A.    You know, what would you investigate?  You know,

18   I'm here in this office.  I know those documents have gone

19   other places, and should I be checking into Tom's office

20   for, you know, should I be checking into John Kunz' office?

21   You know, we've got Cheyenne.  It's hard to say where the

22   source of information would have come from.  It's too broad

23   to be going on some kind of a witch-hunt on.

24   Q.    I'll ask my question again, and if you can answer

25   my question, that would be helpful, and we can move on.



# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Wyoming State Office
P.O. Box 1828
Cheyenne, Wyoming 82003-1828

In Reply Refer To:

FOIA 2003-065

NOV 18 2003

CERTIFIED MAIL--RETURN RECEIPT REQUESTED



Ms.Karen Budd-Falen
Budd-Falen Law Offices
P.O. Box 346
Cheyenne, WY 82003-0346

Dear Ms. Budd-Falen:

We are writing with respect to your Freedom of Information Act (FOIA) request dated
September 19, 2003, in which you ask for the following:

> "All documents, correspondence, telephone conversation notes, e-mails, photographs,
> meeting minutes and any other document in your possession dealing with, pertaining
> to or mentioning Frank Robbins, the High Island Ranch, the HD Ranch and/or the
> Owl Creek permit transfer."

We have completed our search and gathered all responsive materials.  Attached are copies of all such
records in our possession that were determined to be releasable without legal review.  We are in the
process of reviewing all remaining responsive records with the Office of the Regional Solicitor, and will
provide any additional records cleared for release by the Solicitor as soon as they have completed their
review.  We will also provide a description of any records withheld from release, and identify the FOIA
Exemption upon which the withholding is based.  Any fee issues will also be resolved at that time.

We apologize for the delay, and will make every effort to complete our response as quickly as possible.
If you have any questions at this time, please contact Craig Wood, FOIA Officer, at 307-635-4713.

Sincerely,

Robert A. Bennett
State Director

Enclosures

EXHIBIT
16



2003 NOV -7 PM 3: 13

CLERK
U.S. DISTRICT COURT



RECEIVED
NOV 10 2003
By_____

THOMAS D. ROBERTS
Assistant United States Attorney
STEVEN K. SHARPE
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
Facsimile: 307-772-2123

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

HARVEY FRANK ROBBINS,                    )
                                         )
            Plaintiff,                   )        No. 98CV201-B
                                         )
      v.                                 )
                                         )
BUREAU OF LAND MANAGEMENT ("BLM"))
DEPARTMENT OF THE INTERIOR, THE          )
UNITED STATES OF AMERICA, CHARLES        )
WILKIE, individually and as an employee of )
the BLM, DARREL BARNES, individually     )
and as an employee of the BLM,           )
TERYL SHRYACK, individually and as an    )
employee of the BLM, PATRICK MERRILL,    )
individually and as an employee of the BLM, )
DAVID STIMSON, individually and as an    )
employee of the BLM, MICHAEL MILLER,     )
individually and as an employee of the BLM, )
GENE LEONE, individually and as an employee )
of the BLM, and JOHN DOES 1 through 20,  )
                                         )
            Defendants.                  )

## INDIVIDUAL DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION TO COMPEL PRODUCTION OF (AGENCY) DOCUMENTS



EXHIBIT
17

## INDIVIDUAL DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION TO COMPEL PRODUCTION OF (AGENCY) DOCUMENTS

United States of America, on behalf of Charles Wilkie, Darrell Barnes, Teryl Shryack, Michael Miller, and Gene Leone, individually and as employees of the Bureau of Land Management, United States Department of the Interior, through the United States Attorney, District of Wyoming, and Assistant United States Attorneys Thomas D. Roberts and Steven K. Sharpe, herewith respond to the Plaintiff's Motion to Compel Production of Documents.

### INTRODUCTION

Plaintiff has served four separate requests for production of documents on Defendants. Defendants are all present or former employees of the BLM, and have been sued in their individual capacities. Plaintiff has requested the individually-sued Defendants produce BLM documents and records. Plaintiff previously attempted to obtain these documents from the BLM through a number of FOIA requests on the agency (*see* Plaintiff's Motion at p. 10). The BLM produced numerous documents in response to Plaintiff's FOIA requests, and declined to produce others, asserting such documents were exempt under the various exemptions and exclusions set forth by FOIA. Plaintiff, rather than attempt to exhaust his FOIA appeal remedies, immediately sought to obtain the exempt documents from the individually-sued BLM employees in this case by means of a request for production of documents (*see* Exhibit 8 attached to Plaintiff's Motion to Compel).

On October 14, 2003, Defendants filed their responses to the Plaintiff's various requests and

noted the responses sought production of agency records or documents.[1] The responses also noted

production of these documents is governed by 43 C.F.R. § 2.80, *et. seq.*

## ARGUMENT

1.  **Federal regulations prohibit BLM employees from producing BLM documents or records in cases where the BLM is not a party to the litigation.**

All of the documents which Plaintiff seeks in his various production requests are official

BLM documents or records. As this Court noted in its October 7, 2003, order, the BLM is not a

party to this litigation.[2] Accordingly, this Court has ruled discovery in this lawsuit is governed by

the regulations found in 43 C.F.R. § 2.80, *et. seq.*, and *United States ex rel. Touhy v. Ragen*, 340 U.S.

462 (1951).

---

[1]    Plaintiff submitted to Defendants four separate document requests - "Plaintiff's Supplemental Request for Production of Documents" dated August 29, 2003; two requests entitled "Plaintiff's Second Supplemental Request for Production of Documents" and "Plaintiff's Third Supplemental Request for Production of Documents" dated September 11, 2003; and "Plaintiff's Fourth Supplemental Request for Production of Documents" dated September 19, 2003. Counsel for Defendants, by letter to Plaintiff's counsel dated September 26, 2003, indicated Defendants would respond to the first three requests on or before October 14th which meant the response to the "supplemental" request would be a few days beyond the usual 30-day response time frame. Counsel for Defendants received no objection from Plaintiff. All four responses were ultimately filed on October 14th.

[2]    The position of the Bureau of Land Management, through the Office of the Solicitor, Department of Interior, is that any discovery request for production of agency documents is covered by the Department *Touhy* regulations. See attached letter dated November 7, 2003.

43 C.F.R. § 2.81 governs the production of BLM records in cases, like the present, where the

BLM is not a party to the litigation. Section 2.81 provides in pertinent part:

> Section 2.81. What is the Department's policy on granting requests for employee testimony or Department records?
>
> (c)(a) Except for proceedings covered by § 2.80(c) and (d), it is the Department's general policy not to allow its employees to testify or produce Department records either upon request or by subpoena. . . .
>
> (b) **No Department employee may testify <u>or produce records</u>** in any proceeding in which this subpart applies unless authorized by the Department under §§ 2.80 through 2.90, *United States, ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)(emphasis added).

Federal regulations expressly preclude the individually sued BLM employees in this case from producing agency documents or records. The regulations also require a party making a request for agency records follow the "*Touhy* process" and the specific procedures set forth in §2.80 et. seq. A copy of the federal regulations which govern discovery and the production of agency records in this case are attached to this response.

Plaintiff concedes he is attempting to obtain agency documents and records, and further concedes he has not followed the pertinent regulations governing the discovery of BLM documents. Plaintiff nevertheless asks this court to disregard those regulations, and order the individually sued employees to produce the agency documents in direct contravention of applicable federal law.

Resolution of this issue is controlled by the holding in *United States, ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and its progeny. In *Touhy*, the Supreme Court recognized the authority of an agency to restrict discovery in a case where the agency is not a party, and to decline to produce

records in reliance on a properly promulgated agency regulation. The Tenth Circuit has followed the dictates of *Touhy* in a number of decisions. For example, in *Saunders v. Great Western Sugar Co.*, 396 F.2d 794, 795 (10th Cir. 1968), the court followed the *Touhy* doctrine and refused to compel the Small Business Association (SBA), an agency of the United State Government, to respond to a subpoena duces tecum since the SBA was not a party to the lawsuit. *See also United States Steel Corp. v. Mattingly*, 663 F.2d 68 (10th Cir. 1980)(following *Touhy* in case where trial court stayed enforcement of subpoena served on the Bureau of Standards); *See also Boron Oil Co. v. Downie*, 873 F.2d 67, 69-71 (4th Cir. 1989) ("*Touhy* is part of an unbroken line of authority which directly supports the contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations.").

The federal regulations at issue in this case were promulgated in accordance with the legal authority, recognized in *Touhy*, that federal agencies have to regulate and limit discovery in cases, like the present, where the agency is not a party to the lawsuit. The federal regulations clearly prohibit the individually sued Defendants from producing the documents requested. *See* 43 C.F.R. § 2.81. The federal regulations further provide the Plaintiff must make an appropriate *Touhy* request for the documents upon the agency, and not seek the documents from the individually sued employees. *See* 43 C.F.R. §2.87 through 2.89.

Plaintiff's argument the regulations cited above somehow do not apply because the agency provided copies of the documents in question to the United States Attorney Office is without merit. The United States Attorney's Office, in conjunction with the Solicitor's Office, routinely provides legal assistance and legal advise to the BLM in litigation matters. A party or an agency clearly does

not waive any rights (or relinquish its responsibilities under federal regulations) simply by providing documents to attorneys for review and advise on legal matters. *See generally Frontier Refining Inc., v. Gorman-Rupp Co.,* 136 F.3d 695 (10th Cir. 1998).

Similarly, no merit exists for Plaintiff's suggestion that validly enacted regulations should be disregarded whenever an agency, its employees, and their attorneys legally have access to the agency documents the Plaintiff is seeking. Plaintiff's argument that "fundamental injustice" would result if the individual Defendants are not compelled to produce these documents is totally without merit. Plaintiff fails to cite any case law which supports his contention. Moreover, Plaintiff apparently wants this Court to ignore the important fact he is not foreclosed from seeking the documents in question through legal means. Plaintiff can legally seek to obtain the agency documents through other avenues, either by properly complying with the *Touhy* regulations, or by seeking a review of the agencies action under FOIA. *See* 5 U.S.C. §552 (a)(4)(B).

Nor is there any merit to Plaintiff's claim the federal regulations should be ignored because the BLM and the Defendants previously provided Plaintiff with agency documents in prior requests. Once again, Plaintiff fails to cite any legal authority to support his contention. Whether or not the agency may have previously released agency documents to Plaintiff is irrelevant to the issue of whether the regulations should be disregarded with respect to Plaintiff's present requests. Courts have held an agency decision to voluntarily release certain classified or exempted documents does not result in a general waiver or relinquishment of its right to refuse to disclose other documents. *See Mobil Oil Co. v. United States Environmental Protection Agency,* 879 F.2d 698, 700-702 (9th Cir. 1989)(EPA did not waive right to invoke statutory exemptions under FOIA by its release of related

documents to the requester and third party.); *Stein v. Dept. of Justice,* 662 F.2d 1245, 1259 (7th Cir.

1981)("[b]y exercising its discretion to make public some classified documents, [the government]

does not waive any right it has to withhold other properly classified documents of a similar nature").

The Court in *Mobil Oil* explained the public policy rationale for refusing to impose a general

waiver or relinquishment of rights on the government in these circumstances.

> . . . [A]n agencies release of certain documents in a litigation environment does not
> necessarily waive any applicable exemption as to other documents. Implying such
> a waiver could tend to inhibit agencies from making any disclosures other than those
> explicitly required by law because voluntary release of documents exempt from
> disclosure requirements would expose other documents in the litigation to risk of
> disclosure.

*Mobil Oil,* 879 F.2d at 701.

No merit exists to Plaintiff's claim the individual employees in this case should be compelled

to produce agency documents in direct contravention of the applicable federal regulations. Plaintiff's

motion to compel must be denied.

2.    **Plaintiff is improperly attempting to circumvent FOIA and the FOIA**
        **appeal process with his discovery requests.**

Another important justification exists for requiring Plaintiff to properly request these

documents from the agency and not the individual employees. Plaintiff is plainly seeking to do an

"end run" around FOIA and the FOIA appeal process. Plaintiff previously attempted to obtain all

of these documents from the BLM by making a number of FOIA requests on the agency (*see*

Plaintiff's Motion at p. 10). The BLM produced numerous documents in response to Plaintiff's FOIA

requests, and refused to produce other documents, claiming they were exempt under the various

exemptions and exclusions set forth FOIA. *See* 5 U.S.C. §522 (b)(1)-(9).[3] Rather than attempt to

exhaust his FOIA appeal remedies[4], Plaintiff immediately sought to obtain the exempted documents

from the individually-sued BLM employees in this case by means of a request for production of

documents (*see* Exhibit 8 attached to Plaintiff's Motion to Compel).

Plaintiff's improper attempt to circumvent FOIA and the FOIA appeal process should not be

condoned by the Court. The BLM has previously determined many of the documents which Plaintiff

is seeking are privileged and exempt from production under FOIA. The agency clearly has an interest

in asserting any privilege which the agency believes may validly apply to the documents which the

Plaintiff is requesting, such as an agency attorney client privilege or a claim that the documents are

exempt from production under the deliberative process privilege.  The agency further has an

obligation to assure it does not release financial records of third parties or violate the dictates of the

Privacy Act in releasing the documents which the Plaintiff is seeking. These privileges and decisions

must be exercised by the agency; not the individual defendants. Plaintiff's attempt to circumvent

the FOIA process by seeking these documents from the individual employees is clearly

inappropriate.

---

[3]The documents that the BLM claimed were exempt from production are generally referred to as the "pink slipped" documents.

[4]5 U.S.C.§552 (a)(4)(B) provides the appropriate remedy for a party that is claiming that a federal agency improperly withheld agency records in a FOIA request.  The statute provides the party with the opportunity to file a complaint in federal court, and also provides the agency with the opportunity to answer.

**WHEREFORE,** for the foregoing reasons, the Defendants request the Court deny Plaintiff's

Motion to Compel, and require Plaintiff to comply with the pertinent federal regulations for

obtaining the documents he is seeking.

**DATED** this _____ day of November, 2003.

> MATTHEW H. MEAD
> United States Attorney
>
> By: _____
> STEVEN K. SHARPE
> Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify on the *24* day of November, 2003, I served a true and correct copy of the foregoing **INDIVIDUAL DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF (AGENCY) DOCUMENTS** upon the following, by the method(s) indicated below.

Budd-Falen Law Offices, P.C.
P.O. Box 346
Cheyenne, WY 82003-0346

[  ] By Facsimile 637-3891
[X] By U.S. Mail - postage prepaid
[  ] By Hand Delivery
[  ] By Overnight Courier

Thomas R. Graf, Attorney
Office of General Counsel
U.S. Department of Interior
755 Parfet Street, Suite 151
Lakewood, CO 80215

[  ] By Facsimile
[X] By U.S. Mail - postage prepaid
[  ] By Hand Delivery
[  ] By Overnight Courier

Jennifer Rigg, Attorney
Office of General Counsel
U.S. Department of Interior
755 Parfet Street, Suite 151
Lakewood, CO 80215

[  ] By Facsimile
[X] By U.S. Mail - postage prepaid
[  ] By Hand Delivery
[  ] By Overnight Courier

Thomas R. French
Thomas R. French, P.C.
125 South Howes Street, Suite 401
Fort Collins, Colorado 80521

[  ] By Facsimile - 970 - 482 - 3148
[X] By U.S. Mail - postage prepaid
[  ] By Hand Delivery
[ / ] By Overnight Courier

UNITED STATES ATTORNEY'S OFFICE

CODE OF FEDERAL REGULATIONS
TITLE 43--PUBLIC LANDS: INTERIOR
SUBTITLE A--OFFICE OF THE SECRETARY
OF THE INTERIOR
PART 2--RECORDS AND TESTIMONY;
FREEDOM OF INFORMATION ACT
SUBPART H--LEGAL PROCESS: TESTIMONY
BY EMPLOYEES AND PRODUCTION OF
RECORDS
GENERAL INFORMATION
Current through October 21, 2003; 68 FR 60046

§ 2.80 What does this subpart cover?

(a) This subpart describes how the Department of the Interior (including all its bureaus and offices) responds to requests or subpoenas for:

(1) Testimony by employees in State, territorial or Tribal judicial, legislative or administrative proceedings concerning information acquired while performing official duties or because of an employee's official status;

(2) Testimony by employees in Federal court civil proceedings in which the United States is not a party concerning information acquired while performing official duties or because of an employee's official status;

(3) Testimony by employees in any judicial or administrative proceeding in which the United States, while not a party, has a direct and substantial interest;

(4) Official records or certification of such records for use in Federal, State, territorial or Tribal judicial, legislative or administrative proceedings.

(b) In this subpart, "employee" means a current or former Department employee, including a contract or special government employee.

(c) This subpart does not apply to:

(1) Congressional requests or subpoenas for testimony or records;

(2) Federal court civil proceedings in which the United States is a party;

(3) Federal administrative proceedings;

(4) Federal, State and Tribal criminal court proceedings;

(5) Employees who voluntarily testify, while on their own time or in approved leave status, as private citizens as to facts or events that are not related to the official business of the Department. The employee must state for the record that the testimony represents the employee's own views and is not necessarily the official position of the Department. See 5 CFR §§ 2635.702(b), 2635.807 (b).

(6) Testimony by employees as expert witnesses on subjects outside their official duties, except that they must obtain prior approval if required by § 2.90.

(d) This subpart does not affect the rights of any individual or the procedures for obtaining records under the Freedom of Information Act (FOIA), Privacy Act, or statutes governing the certification of official records. The Department FOIA and Privacy Act regulations are found at 43 CFR Part 2, subparts B and D.

(e) Nothing in this subpart is intended to impede the appropriate disclosure under applicable laws of Department information to Federal, State, territorial, Tribal, or foreign law enforcement, prosecutorial, or regulatory agencies.

(f) This subpart only provides guidance for the internal operations of the Department, and neither creates nor is intended to create any enforceable right or benefit against the United States.

< General Materials (GM) - References, Annotations, or Tables >

43 C. F. R. § 2.80

43 CFR § 2.80

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

CODE OF FEDERAL REGULATIONS
TITLE 43--PUBLIC LANDS: INTERIOR
SUBTITLE A--OFFICE OF THE SECRETARY
OF THE INTERIOR
PART 2--RECORDS AND TESTIMONY;
FREEDOM OF INFORMATION ACT
SUBPART H--LEGAL PROCESS: TESTIMONY
BY EMPLOYEES AND PRODUCTION OF
RECORDS
GENERAL INFORMATION
Current through October 21, 2003; 68 FR 60046

§ 2.81 What is the Department's policy on granting requests for employee testimony or Department records?

(a) Except for proceedings covered by § 2.80(c) and (d), it is the Department's general policy not to allow its employees to testify or to produce Department records either upon request or by subpoena. However, if you request in writing, the Department will consider whether to allow testimony or production of records under this subpart. The Department's policy ensures the orderly execution of its mission and programs while not impeding any proceeding inappropriately.

(b) No Department employee may testify or produce records in any proceeding to which this subpart applies unless authorized by the Department under §§ 2.80 through 2.90 United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

<General Materials (GM) - References,
Annotations, or Tables>

43 C. F. R. § 2.81

43 CFR § 2.81

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

CODE OF FEDERAL REGULATIONS
TITLE 43--PUBLIC LANDS: INTERIOR
SUBTITLE A--OFFICE OF THE SECRETARY
OF THE INTERIOR
PART 2--RECORDS AND TESTIMONY;
FREEDOM OF INFORMATION ACT
SUBPART H--LEGAL PROCESS: TESTIMONY
BY EMPLOYEES AND PRODUCTION OF
RECORDS
RESPONSIBILITIES OF REQUESTERS
Current through October 21, 2003; 68 FR 60046

§ 2.82 How can I obtain employee testimony or Department records?

(a) To obtain employee testimony, you must submit:

(1) A written request (hereafter a "Touhy Request;" see § 2.84 and United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951)); and

(2) A statement that you will submit a check for costs to the Department of the Interior, in accordance with § 2.85, if your Touhy Request is granted.

(b) To obtain official Department records, you must submit:

(1) A Touhy Request; and

(2) A Statement that you agree to pay the costs of duplication in accordance with 43 CFR Part 2,

appendix A, if your Touhy Request is granted.

(c) You must send your Touhy Request to:

(1) The employee's office address;

(2) The official in charge of the employee's bureau, division, office or agency; and

(3) The appropriate unit of the Solicitor's Office.

(d) To obtain employee testimony or records of the Office of Inspector General, you must send your Touhy Request to the General Counsel for the Office of Inspector General.

(e) 43 CFR Part 2, Appendix B contains a list of the addresses of the Department's bureaus and offices and the units of the Solicitor's Office. The General Counsel for the Inspector General is located at the address for the Office of the Inspector General. If you do not know the employee's address, you may obtain it from the employee's bureau or office.

< General Materials (GM) - References,
Annotations, or Tables >

43 C. F. R. § 2.82

43 CFR § 2.82

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

CODE OF FEDERAL REGULATIONS
TITLE 43--PUBLIC LANDS: INTERIOR
SUBTITLE A--OFFICE OF THE SECRETARY
OF THE INTERIOR
PART 2--RECORDS AND TESTIMONY;
FREEDOM OF INFORMATION ACT
SUBPART H--LEGAL PROCESS: TESTIMONY
BY EMPLOYEES AND PRODUCTION OF
RECORDS
RESPONSIBILITIES OF REQUESTERS
Current through October 21, 2003; 68 FR 60046

§ 2.83 If I serve a subpoena duces tecum, must I also submit a Touhy request?

Yes.    If you serve a subpoena for employee testimony, you also must submit a request under United States ex rel. Touhy v. Regan, 340 U.S. 462 (1951)?  If you serve a subpoena duces tecum for records in the possession of the Department, you also must submit a Touhy Request.

< General Materials (GM) - References, Annotations, or Tables >

43 C. F. R. § 2.83

43 CFR § 2.83

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

CODE OF FEDERAL REGULATIONS
TITLE 43--PUBLIC LANDS: INTERIOR
SUBTITLE A--OFFICE OF THE SECRETARY
OF THE INTERIOR
PART 2--RECORDS AND TESTIMONY;
FREEDOM OF INFORMATION ACT
SUBPART H--LEGAL PROCESS: TESTIMONY
BY EMPLOYEES AND PRODUCTION OF
RECORDS
RESPONSIBILITIES OF REQUESTERS
Current through October 21, 2003; 68 FR 60046

§ 2.84 What information must I put in my Touhy Request?

Your Touhy Request must:

(a) Identify the employee or record;

(b) Describe the relevance of the desired testimony or records to your proceeding and provide a copy of the pleadings underlying your request;

(c) Identify the parties to your proceeding and any known relationships they have to the Department's mission or programs;

(d) Show that the desired testimony or records are not reasonably available from any other source;

(e) Show that no record could be provided and used in lieu of employee testimony;

(f) Provide the substance of the testimony expected of the employee; and

(g) Explain why you believe your Touhy Request complies with § 2.88.

<General Materials (GM) - References,
Annotations, or Tables>

43 C. F. R. § 2.84

43 CFR § 2.84

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

CODE OF FEDERAL REGULATIONS
TITLE 43--PUBLIC LANDS: INTERIOR
SUBTITLE A--OFFICE OF THE SECRETARY
OF THE INTERIOR
PART 2--RECORDS AND TESTIMONY;
FREEDOM OF INFORMATION ACT
SUBPART H--LEGAL PROCESS: TESTIMONY
BY EMPLOYEES AND PRODUCTION OF
RECORDS
RESPONSIBILITIES OF REQUESTERS
Current through October 21, 2003; 68 FR 60046

§ 2.85 How much will I be charged?

We will charge you the costs, including travel
expenses, for employees to testify under the relevant
substantive and procedural laws and regulations.
You must pay costs for record production under 43
CFR Part 2, Appendix A. Costs must be paid by
check or money order payable to the Department of
the Interior.

< General Materials (GM) - References,
Annotations, or Tables >

43 C. F. R. § 2.85

43 CFR § 2.85

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

CODE OF FEDERAL REGULATIONS
TITLE 43--PUBLIC LANDS: INTERIOR
SUBTITLE A--OFFICE OF THE SECRETARY
OF THE INTERIOR
PART 2--RECORDS AND TESTIMONY;
FREEDOM OF INFORMATION ACT
SUBPART H--LEGAL PROCESS: TESTIMONY
BY EMPLOYEES AND PRODUCTION OF
RECORDS
RESPONSIBILITIES OF REQUESTERS
Current through October 21, 2003; 68 FR 60046

§ 2.86 Can I get an authenticated copy of a
Department record?

Yes. We may provide an authenticated copy of a
Department record, for purposes of admissibility
under Federal, State or Tribal law. We will do this
only if the record has been officially released or
would otherwise be released under § 2.13 or this
Subpart.

<General Materials (GM) - References,
Annotations, or Tables>

43 C. F. R. § 2.86

43 CFR § 2.86

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

CODE OF FEDERAL REGULATIONS
TITLE 43--PUBLIC LANDS: INTERIOR
SUBTITLE A--OFFICE OF THE SECRETARY
OF THE INTERIOR
PART 2--RECORDS AND TESTIMONY;
FREEDOM OF INFORMATION ACT
SUBPART H--LEGAL PROCESS: TESTIMONY
BY EMPLOYEES AND PRODUCTION OF
RECORDS
RESPONSIBILITIES OF THE DEPARTMENT
Current through October 21, 2003; 68 FR 60046

§ 2.87 How will the Department process my Touhy Request?

(a) The appropriate Department official will decide whether to grant or deny your Touhy Request. Our Solicitor's Office or, in the case of the Office of Inspector General, its General Counsel, may negotiate with you or your attorney to refine or limit both the timing and content of your Touhy Request. When necessary, the Solicitor's Office or, in the case of the Office of Inspector General, its General Counsel, also will coordinate with the Department of Justice to file appropriate motions, including motions to remove the matter to Federal court, to quash, or to obtain a protective order.

(b) We will limit our decision to allow employee testimony to the scope of your Touhy Request.

(c) If you fail to follow the requirements of this Subpart, we will not allow the testimony or produce the records.

(d) If your Touhy Request is complete, we will consider the request under § 2.88.

<General Materials (GM) - References, Annotations, or Tables>

43 C. F. R. § 2.87

43 CFR § 2.87

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

CODE OF FEDERAL REGULATIONS
TITLE 43--PUBLIC LANDS: INTERIOR
SUBTITLE A--OFFICE OF THE SECRETARY
OF THE INTERIOR
PART 2--RECORDS AND TESTIMONY;
FREEDOM OF INFORMATION ACT
SUBPART H--LEGAL PROCESS: TESTIMONY
BY EMPLOYEES AND PRODUCTION OF
RECORDS
RESPONSIBILITIES OF THE DEPARTMENT
Current through October 21, 2003; 68 FR 60046

§ 2.88 What criteria will the Department consider in responding to my Touhy Request?

In deciding whether to grant your Touhy Request, the appropriate Department official will consider:

(a) Your ability to obtain the testimony or records from another source;

(b) The appropriateness of the employee testimony and record production under the relevant regulations of procedure and substantive law, including the FOIA or the Privacy Act; and

(c) Our ability to:

(1) Conduct our official business unimpeded;

(2) Maintain impartiality in conducting our business;

(3) Minimize the possibility that we will become involved in issues that are not related to our mission or programs;

(4) Avoid spending public employee's time for private purposes;

(5) Avoid the negative cumulative effect of granting similar requests;

(6) Ensure that privileged or protected matters remain confidential; and

(7) Avoid undue burden on us.

<General Materials (GM) - References, Annotations, or Tables>

43 C. F. R. § 2.88

43 CFR § 2.88

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

CODE OF FEDERAL REGULATIONS
TITLE 43--PUBLIC LANDS: INTERIOR
SUBTITLE A--OFFICE OF THE SECRETARY
OF THE INTERIOR
PART 2--RECORDS AND TESTIMONY;
FREEDOM OF INFORMATION ACT
SUBPART H--LEGAL PROCESS: TESTIMONY
BY EMPLOYEES AND PRODUCTION OF
RECORDS
RESPONSIBILITIES OF EMPLOYEES
Current through October 21, 2003; 68 FR 60046

§ 2.89 What must I, as an employee, do upon receiving a request?

(a) If you receive a request or subpoena that does not include a Touhy Request, you must immediately notify your supervisor and the Solicitor's Office, or the General Counsel of the Office of the Inspector General, as applicable, for assistance in issuing the proper response.

(b) If you receive a Touhy Request, you must promptly notify your supervisor and forward the request to the head of your bureau, division or office. After consulting with the Solicitor's Office or, in the case of the Office of Inspector General, its General Counsel, the official in charge will decide whether to grant the Touhy Request under § 2.88.

(c) All decisions granting or denying a Touhy Request must be in writing. The official in charge must ask the applicable unit of the Solicitor's Office or, in the case of the Office of Inspector General, its General Counsel, for advice when preparing the decision.

(d) Under 28 U.S.C. 1733, Federal Rule of Civil Procedure 44(a)(1), or comparable State or Tribal law, a request for an authenticated copy of a Department record may be granted by the person having the legal custody of the record. If you believe that you have custody of a record:

(1) Consult your delegated authority to determine if you can grant a request for authentication of records; and

(2) Consult the Solicitor's Office or, in the case of the Office of Inspector General, its General Counsel, concerning the proper form of the authentication (as authentication requirements may vary by jurisdiction).

< General Materials (GM) - References,
Annotations, or Tables >

43 C. F. R. § 2.89

43 CFR § 2.89

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

CODE OF FEDERAL REGULATIONS
TITLE 43--PUBLIC LANDS: INTERIOR
SUBTITLE A--OFFICE OF THE SECRETARY
OF THE INTERIOR
PART 2--RECORDS AND TESTIMONY;
FREEDOM OF INFORMATION ACT
SUBPART H--LEGAL PROCESS: TESTIMONY
BY EMPLOYEES AND PRODUCTION OF
RECORDS
RESPONSIBILITIES OF EMPLOYEES
Current through October 21, 2003; 68 FR 60046

§ 2.90 Must I get approval before testifying as an expert witness on a subject outside the scope of my official duties?

(a) You must comply with 5 CFR 2635.805(c), which details the authorization procedure for an employee to testify as an expert witness, not on behalf of the United States, in any judicial or administrative proceeding in which the United States is a party or has a direct and substantial interest. This procedure means:

(1) You must obtain the written approval of your Deputy Ethics Official;

(2) You must be in an approved leave status if you testify during duty hours; and

(3) You must state for the record that you are appearing as a private individual and that your testimony does not represent the official views of the Department.

(b) If you testify as an expert witness on a matter outside the scope of yoru official duties, and which is not covered by paragraph (a) of this section, you must comply with 5 CFR 2635.802 and 5 CFR 3501.105.

<General Materials (GM) - References, Annotations, or Tables>

43 C. F. R. § 2.90

43 CFR § 2.90

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works



# United States Department of the Interior

OFFICE OF THE SOLICITOR

Rocky Mountain Region
755 Parfet Street, Suite 151
Lakewood, CO. 80215
TELE. (303) 231-5353
FAX   (303) 231-5363

November 7, 2003

Thomas D. Roberts
Assistant U.S. Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003-0668

> Re: *Harvey Frank Robbins v. Bureau of Land Management, et al.*
> USDC-WY-98CV201B; USAtty-WY-1998V00106

Dear Mr. Roberts:

The Bureau of Land Management's position is that any discovery request for production of
Agency documents in the above-referenced case is covered by the Department's regulations at 43
C.F.R. Part 2, Subpart E, Legal Process: Testimony by Employees and Production of Records.
Those regulations govern all requests or subpoenas for, among other things, official records for
use in Federal judicial proceedings and are often referred to as the *Touhy* regulations (based on
the case of *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)).

Since the Department of the Interior is not a party to the above-referenced case, the individual
Defendants are prohibited from producing records unless authorized by the Department under the
regulations at 43 C.F.R. §§ 2.80 through 2.90. See 43 C.F.R. § 2.81(b).

The responsibilities of any *Touhy* requester are clearly set forth in the regulations at 43 C.F.R.
§§ 2.82 through 2.86.

The *Touhy* regulations do not affect the rights of any individual to obtain records under the
Freedom of Information Act or the Privacy Act. E.g., 43 C.F.R. § 2.80(d).

Sincerely,

Jennifer E. Rigg
Attorney-Advisor

HP LaserJet 3100   Case 2:03-cv-00230-WFD   Document 2   Filed 11/25/03   Page 88 of 96
Printer/Fax/Copier/Scanner

SEND CONFIRMATION REPORT for
HP LaserJet 3100
307 637 3891
Nov-10-03  12:57PM

| Job | Start Time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 794 | 11/10 12:50PM | 7'53" | 19704826964.................. | Send.............. | 33/33 | EC144 | Completed........................................ |

Total        7'53"      Pages Sent: 33      Pages Printed: 0

## *Budd-Falen Law Offices, L.L.C.*

Karen Budd-Falen[1]
Franklin J. Falen[1]
Marc R. Stimpert[1,2]
Richard W. Walden[3,4]
Brandon I. Jensen[1,1]
Richard M. AuBuchon[1]
Lloyd D. Rickenbach[3,1]
Karen Spinola[1]
Michael P. Van Tassell[5]

300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346
Telephone 307/632-5105
Telefax 307/637-3891
budd@buddfalen.com
www.buddfalen.com

[1]admitted in Wyoming
[4]admitted in Oklahoma
[1]admitted in Colorado
[4]admitted in California
[1]admitted in Utah

### TELEFAX TRANSMITTAL SHEET

| To: | Tom French |
|-----|-----------|
| Date: | November 10, 2003 |
| Telefax Number Called: | 970/482-~~1115~~ 6964 |
| Number of Pages: | 33 *(including cover page)* |
| Client Charged: | Robbins |

**M E S S A G E**

IF THERE IS A PROBLEM RECEIVING THIS TRANSMISSION, PLEASE CONTACT THE SENDER,
Stimpert/Demshar, AT 307-632-5105.
THE INFORMATION CONTAINED IN THIS FACSIMILE IS PROTECTED BY THE ATTORNEY/CLIENT PRIVILEGE AND IS CONFIDENTIAL
INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY UNAUTHORIZED DISSEMINATION, DISTRIBUTION OR COPY OF THIS
COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US
BY TELEPHONE. THANK YOU.

1                    BEFORE THE

2         UNITED STATES DEPARTMENT OF INTERIOR

3           OFFICE OF HEARINGS AND APPEALS

4             TRANSCRIPT OF PROCEEDINGS

5    -----------------------------x
                                   :
6    H. FRANK ROBBINS, JR.,        :              08:06:19
          and                      :              08:06:19
7    HIGH ISLAND RANCH AND         :              08:06:26
     CATTLE COMPANY,               :   DOCKET Nbrs.  08:06:31
8                                  :              08:06:31
              Appellant,           :   IBLA 98-404 R;  08:06:37
9                                  :   WY-01-98-2, and  08:06:47
          vs                       :   WY-01-99-2    08:06:56
10                                 :
     BUREAU OF LAND MANAGEMENT,    :
11                                 :
              Respondent.          :
12   -----------------------------x

13
                      HEARING
14
     BEFORE:
15           HONORABLE HARVEY C. SWEITZER
             United States Administrative Law Judge
16

17

18

19

20
                      May 15, 2001
21                    Worland, Wyoming USA

22

23                BUNN & ASSOCIATES
       Registered Professional Reporters Worldwide
24     2036 Adobe Street, Douglas, Wyoming  82633  USA
     In USA 1-800-435-2468   Worldwide 001-307-358-3222
25          Worldwide Telefax 001-307-358-2288

EXHIBIT

tabbies

18

## 1060

BEFORE THE
UNITED STATES DEPARTMENT OF INTERIOR
OFFICE OF HEARINGS AND APPEALS
TRANSCRIPT OF PROCEEDINGS
--------------------------------x

H. FRANK ROBBINS, JR.,          :
            and                 :
HIGH ISLAND RANCH AND           :
CATTLE COMPANY,                 :    DOCKET Nbrs.
                                :
            Appellants,         :    IBLA 98-404 R;
                                :    WY-01-98-2, and
vs                              :    WY-01-99-2
                                :
BUREAU OF LAND MANAGEMENT,      :
                                :
            Respondent.         :
                                :
--------------------------------x

HEARING

BEFORE:

HONORABLE HARVEY C. SWEITZER
United States Administrative Law Judge

September 25, 2001
Worland, Wyoming USA
Day 5

BUNN & ASSOCIATES
Registered Professional Reporters Worldwide
2036 Adobe Street, Douglas, Wyoming 82633  USA
In USA 1-800-435-2468    Worldwide 001-307-358-3222
Worldwide Telefax 001-307-358-2288

## 1061

1   APPEARANCES:
2   KAREN BUDD-FALEN, Attorney
    MARC STIMPERT, Esquire,
3       and
    BRANDON JENSEN, Esquire
4   Budd-Falen Law Offices, P.C.
    300 East 18th Street
5   Post Office Box 346
    Cheyenne, Wyoming  82003
6   USA
        PH 307-632-5105
7       FX 307-637-3891
        karen@buddfalen.com
8
    and
9
    TOM FRENCH
10  Thomas R. French, P.C.
    125 South Howes Street
11  Suite 401
    Fort Collins, Colorado  80521
12  USA
        PH  970-484-0360
13      FX  970-482-3140
        trf77@aol.com
14          For the Appellants.
15  JENNIFER E. RIGG, Attorney
    Office of the Solicitor
16  U.S. Department of the Interior
    755 Parfet Street
17  Suite 151
    Lakewood, Colorado  80215
18  USA
        PH  303-231-5353
19      FX  303-231-5363
        jennifer_rigg@ios.doi.gov
20          For the Respondent.
21
22
23
24
25

## 1062

```
 1                    I N D E X
                                              Page
 2   MOTIONS
 3   OPENING STATEMENT BY THE APPELLANTS      1297
 4   OPENING STATEMENT BY THE RESPONDENT        17
 5   WITNESSES CALLED BY THE RESPONDENT:
     Name
 6
     Karen Hepp
 7       Direct              30, 40
         Voir Dire           40
 8       Cross               70
         Redirect            97
 9
     Teryl Shryack
10       Direct              110, 345, 352
         Voir Dire           341, 352
11       Cross               465
         Redirect            591
12       Recross             664
         Re-Redirect         695
13
     Bruce Stevens
14       Direct              700, 717
         Voir Dire           713
15       Cross               733
         Redirect            742
16       Recross             744
17
18   Patrick Sclyman Merrill
         Direct              746
19       Cross               815
         Redirect            843
20
     Marian Atkins
21       Direct              847, 872
         Voir Dire           871
22       Cross               876
23
24
25
```

## 1063

```
 1                    I N D E X
                    (Continued)
 2
     WITNESSES CALLED BY THE APPELLANTS
 3   Name                              Page
 4   Joseph Vessels
         Direct         905, 937, 969
 5       Voir Dire      931, 963, 1006, 1133
         Cross          969, 1007, 1098, 1135
 6       Redirect       1239
         Recross        1273
 7
     Dennis Grasso
 8       Direct by Jensen   1327, 1349
         Voir Dire          1346
 9
     H. Frank Robbins
10       Direct by Jensen   1427
11   EXHIBITS MARKED BY THE APPELLANT:
     Number      Description     Marked Offered Received
12
13   A-111  Phtcpy Memo dtd 18 Feb   --    1005    1132
            88
14
15   A-112  Phtcpy ltrhd BLM to      --    1132    1133
            G. Nelson, sgntr J.                       09:42:33
16          Vessels                                   09:42:33
                                                      09:43:40
17   A-113  Phtpcy dcmt, Non-        --    1133    1135 09:43:40
            exclusive Road Ease-                      09:43:42
18          ment fm. G. Nelson                        09:43:48
            dtd 18 Mar 94                             09:43:48
19   A-114  Phtcpy ltrhd BLM dtd     --    1136    1136 09:47:21
            08 Apr 94 to High Is-                     09:47:21
20          land Ranch sgntr J.                       09:47:23
            Vessels                                   09:47:23
21                                                    09:49:33
     A-115  Phtcpy dcmt, Warranty    --    1138    1138 09:49:33
22          Deed to P.Robbins re                      09:49:34
            G. Nelson re High Island                  09:49:39
23          Ranch dtd May 94                          09:49:43
                                                      09:49:43
24   A-116  Phtpcy ltrhd BLM to P.   --    1139    1139 09:51:25
            Robbins dtd 08 June 94,                   09:51:25
25          sgntr J.Vessels
```

TDR

⸺ SEP 10 AM 9: 01

U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

HARVEY FRANK ROBBINS, and the       )
HIGH ISLAND RANCH and CATTLE        )
COMPANY,                            )
                                    )
            Plaintiffs,             )
                                    )
vs.                                 )
                                    )
UNITED STATES BUREAU OF LAND        )
MANAGEMENT, an Agency of the        )
United Stated Department of the Interior; )
GALE NORTON, Secretary of the United )
States Department of the Interior; AL )
PIERSON, in his official capacity as )
Director of Wyoming State Bureau of Land )
Management; NINA ROSE HATFIELD,     )
in her official capacity as Acting Director of )
Bureau of Land Management; DARRELL  )
BARNES, in his official capacity as Field )
Manager of the Worland Field Office for )
the Bureau of Land Management,      )
                                    )
            Defendants.             )

Karen
307. 637. 3891

Case No. 01-CV-158-D

## ORDER ON APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS

This matter comes before the Court on Defendants' Motion to Dismiss and on Plaintiff's

Application for an Award of Attorney's Fees and Litigation Costs Pursuant to the Freedom of

Information Act. The Court, having considered the materials submitted by the parties, having

heard oral argument from counsel and being otherwise fully advised in the premises, FINDS and

ORDERS as follows:

ENTERED
ON THE DOCKET
10  SEP  0 2
(Date)
Betty A. Griese, Clerk
by _____
Deputy Clerk

**EXHIBIT**

19

16

### BACKGROUND

Between May 22, 2001 and June 29, 2001, the Plaintiff made six separate requests for information to the Bureau of Land Management ("BLM"), pursuant to the Freedom of Information Act ("FOIA") and applicable BLM regulations. Under FOIA, the BLM had until June 22, 2001, and pursuant to the BLM regulations it had until June 8, 2001, to respond to the Plaintiff's first request.

On September 5, 2001, after the BLM failed to respond to any of the six FOIA requests, the Plaintiff filed a complaint, pursuant to 5 U.S.C. § 552(a)(4)(B), to compel the BLM to comply with the requests. After this litigation was filed, the BLM finally decided to respond to the Plaintiff's requests. Curiously, the Plaintiff's attorneys received the BLM's FOIA responses on the very day that the trial for which some of the information was being sought began.

On October 10, 2001, the Defendants' filed a Motion to Dismiss, stating that the Plaintiff's claims were moot because the BLM had fully and completely responded to each of the FOIA requests. In response, Plaintiff agreed that his claims were moot in light of the BLM's compliance. *Anderson v. United States Dept. of Health and Human Serv.*, 3 F.3d 1383, 1384 (10th Cir. 1993). However, Plaintiff contends that he is still entitled to an award of attorney's fees and litigation costs.

### DISCUSSION

The statutory basis for an award of attorney fees and litigation costs under FOIA is 5 U.S.C. § 552(a)(4)(E) which provides: "The court may assess against the United States

reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." The Tenth Circuit Court of Appeals has stated that "[a] plaintiff has 'substantially prevailed' in a FOIA case if the lawsuit was reasonably necessary and substantially caused the requested records to be released." *Gowan v. United States Dept. of Air Force*, 148 F.3d 1182, 1195 (10th Cir. 1998) (citing *Chesapeake Bay Found., Inc. v. Dept. of Agriculture*, 11 F.3d 211, 216 (D.C. Cir. 1993)). Plaintiff argues that, applying these considerations, he is eligible for an award of attorney's fees because it was the lawsuit that prompted the agency to respond to his requests. Plaintiff contends that his eligibility is not dependent on this Court having ordered the BLM to provide the information requested. On this point, Plaintiff relies primarily on *Cox v. United States Dept. of Justice*, 601 F.2d 1 (D.C. Cir. 1979).

The Supreme Court has recently analyzed the definition of "prevailing party" as used in various fee-shifting statutes as the basis for an award of attorney fees and costs. In *Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001), the Court held that the "catalyst theory" – which posits that a plaintiff is a "prevailing party" if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct – "is not a permissible basis for the award of attorney's fees under the FHAA . . . and ADA . . . ." *Id.* at 610. In reaching this holding, the Court recognized that "Congress . . . has authorized the award of attorney's fees to the 'prevailing party' in numerous statutes in addition to those at issue here . . . ." *Id.* at 602.

-3-

> In designating those parties eligible for an award of litigation costs,
> Congress employed the term "prevailing party," a legal term of art. Black's Law
> Dictionary 1145 (7[th] ed. 1999) defines "prevailing party" as "[a] party in whose
> favor a judgment is rendered, regardless of the amount of damages awarded . . . ."
> This view that a "prevailing party" is one who has been awarded some relief by
> the court can be distilled from our prior cases.

*Buckhannon*, 532 U.S. at 603.

The *Buckhannon* court determined that the "catalyst theory" improperly allows an award "where

there is no judicially sanctioned change in the legal relationship of the parties." *Id.* at 605.

Finding that "eligibility for an award of attorney's fees in a FOIA case should be treated

the same as eligibility determinations made under other fee-shifting statutes," the D.C. Circuit

Court of Appeals very recently determined that *Buckhannon*'s rejection of the catalyst theory

applies to a request for attorney's fees under FOIA. *Oil, Chemical and Atomic Workers Int'l*

*Union v. Dept. of Energy*, 288 F.3d 452, 455 (D.C. Cir. 2002).[1]

> It is true . . . that *Buckhannon* treated "prevailing party" as a legal term of art."
> 532 U.S. at 603. Yet all must agree that a "prevailing party" and a "party who
> prevails" are synonymous. FOIA's addition of the modifier "substantially" might
> possibly be taken as limiting the category of "prevailing parties," but it cannot be
> taken as expanding the universe of parties eligible for a fee award. To put this in
> concrete terms, a FOIA plaintiff may seek thousands of documents but wind up
> with a judgment providing only a handful of insignificant documents. One might
> say this plaintiff was a prevailing party, but nevertheless not say that the plaintiff
> substantially prevailed. . . . We have seen nothing to suggest that Congress
> sought to draw any fine distinction between "prevailing party" and "substantially
> prevail." . . . Consistent with our practice (and the Supreme Court's) of viewing
> the various fee-shifting statutes as interchangeable, we have in the past treated the

---

[1] The court acknowledged that, prior to *Buckhannon*, it had followed the "catalyst theory," citing to *Chesapeake Bay Found., Inc., supra* (cited by Tenth Circuit Court of Appeals in *Gowan*) and *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1364 (D.C. Cir. 1977) (cited by Plaintiff's counsel). The court determined that "[b]ecause *Buckhannon* controls, the existing law of our circuit must give way." 288 F.3d at 457.

-4-

"substantially prevail" language in FOIA as the functional equivalent of the "prevailing party" language found in other statutes. . . ."
*Id.* at 455-56.

The Court further dismissed arguments that *Buckhannon* is distinguishable because FOIA cases are equitable in nature, and because FOIA's legislative history shows Congress' intention that FOIA's attorney's fee provision be understood differently from comparable provisions in other statutes such as the ADA. *Id.* at 456.

The Court is persuaded by the reasoning set forth in *Oil, Chemical and Atomic Workers Int'l Union*, supporting the D.C. Court of Appeals' holding that *Buckhannon* is applicable to a request for attorneys' fees under FOIA. While there may be some dispute as to whether *Buckhannon* bars attorneys' fees in the absence of a final judgment on the merits or a court-ordered consent decree, *see id.* at 459-64 (Rogers, J. dissenting), *Buckhannon* makes clear that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605. Plaintiff is not considered a complainant which has "substantially prevailed" in this action and is not, therefore, eligible for an award of attorneys' fees and costs.

This result should not be interpreted as a condoning of the BLM's conduct in this matter. Arrogance of authority, and indifference to citizens' legitimate interests, even the appearance of such vices, should be avoided by public servants. The BLM's conduct in this matter is troubling to this Court and it will not soon be forgotten. A matter of this nature involving this agency should not appear on my desk again.

-5-

THEREFORE, it is hereby

ORDERED that Defendants' Motion to Dismiss is **GRANTED** and this case is

dismissed as moot; it is further

ORDERED that Plaintiff's Application for an Award of Attorney's Fees and Litigation

Costs Pursuant to the Freedom of Information Act is **DENIED**.

DATED this _____ day of September, 2002.

United States District Judge

-6-